Moephy, J.
delivered the opinion of the court.
The plaintiff seeks to recover $2,300 on a policy of insux-ance, in the usual form against loss and damage by fire. On the 19th of May, 1836, he caused insurance to be effected on a house and kitchen for the space of one year; within that time, the buildings were totally destroyed by fire, but before this loss occurred, the insured had made a donation inter vivos of the property to one Eugenie Adelaide Gomez, and had transferred to her all his title and interest in and to the same in the most unqualified terms; the only restriction imposed on the donee’s absolute right of ownership was that she could not alienate or dispose of the property, except by last will and testament. The question is whether at the time of the loss there remained in the donor such an interest in the property insu'red as should entitle him to recover.
It is said that this donation is void for want of the appraisement required by article 1525 of the Louisiana Oode; and we have been referred to the case of Williams & al. v. Horton's curator, in 4 Martin, N. S. 464. Admitting that a party can be permitted to impugn his own deed in order to recover [368] rights which he might have'lost by executing the same, the ground assumed is untenable. Tlxe decision alluded to relates to a donation of slaves *225 made under the Old Oivil Code which required in express terms that slaves and. movables comprised in a donation inter vivos should be estimated; Oivil Code, p. 128, art. 48,. The Louisiana Code provides for this appraisement only with respect to movable effects.
It is next contended that as this donation is liable to be revoked or dissolved on account of ingratitude on the part of the donee or the birth of children to the donor, there was a contingent right or interest in the property subsisting in plaintiff at the time of the loss. If this be true, it is difficult to imagine a case in which a vendor of insured property destroyed by fire could not with as much reason set up a similar claim; he might always be said to have a contingent interést in the property sold, because a sale is liable to be cancelled for lesion, fraud, error, non-payment of the price, &c. And so may every contract be annulled for some cause known to the law, if such cause of nullity should be shown to exist. A vendor’s interest would not be more remote or unsubstantial than that now supposed to have existed iu plaintiff; La. Code, arts. 1546, 1547,1548, 1556. The bare possibility that a right to property might hereafter arise cannot be considered as an insurable interest; there must surely be something at risk in which the insured'is actually interested and for which in case of loss he can claim indemnity. ' The general rule is that in order to have an insurable interest in any subject, a person must be-liable to a direct and immediate loss by its damage or destruction. 1 Philips-on Ins., p. 68, ed. of 1840. The loss of the property in this case fell on thedonee who had become the absolute owner of it by a title translative of property; and had the policy been assigned to her with the consent of the underwriters, she was clearly entitled to recover. It could not have been objected to her that her title was defeasible by the happening of those contingencies upon which plaintiff attempts to show an interest in himself. Had any [369] of the causes occurred which in law would give rise to plaintiff’s right of revocation or to a legal reversion of the property to him, his interest in the same might perhaps be said to have revived, but when none of these causes existed at the time of the loss, when it is not even .made probable that they ever will exist, how can the plaintiff be supposed to have- suffered a loss for which he must be indemnified ? Having parted with all his interest in the property before its destruction, plaintiff cannot recover. Massachusetts Hep. 515.
In order to establish an actual and subsisting interest in himself at the time of the loss, the plaintiff has offered testimony to prove that previous to and at the time of this donation, there was an understanding and agreement between the donee and Mm that notwithstanding the donation he was to continue to receive and enjoy the rents of the house during Ms lifetime, and that pursuant to such agreement he did receive the rents and pay all repairs, taxes, &c. up to the time of the fire. The introduction of this testimony was resisted as inadmissible under the article 2256 of the Louisiana Code; it appears to us that it should not have been received; it goes to show between the-parties a donation causa mortis instead of one inter vivos as evidenced by the-deed. But even were this agreement legally proved, we do not think it could: avail the plaintiff under the evidence in the record before us.
*226 A policy of insurance against fire is' a personal contract of indemnity with the insured; if the latter parts with all his interest in the property before the loss happens, the policy becomes void unless it has been assigned to the new proprietor with the consent of the underwriters. If the assured retains but a partial interest in the property, it will only protect such insurable interest as’he had at the time of the loss: such is the doctrine of the leading cases on this subject. 8 Brown’s Parliament Cases, 497; 2 Atkins, 554; 16 Wendell, [370] 397; 1 Hall, 44. What then is the loss sustained by plaintiff ? It cannot be the full value of the house insured; for before the’loss, he had divested himself of all proprietary right in it, legal or equitable. This right to receive'? the rents which it is said the donee had agreed to let plaintiff enjoy was an|: interest of a character and value quite different from that which he had afj the time of the insurance. Had it been described to the underwriters, and j made the subject matter of the insurance, a value might have been put upon it, which of necessity would have been considered as liquidated damages re-1 coverable by the insured, but insurance here was effected for $2,300, as the ] full value of the house; since then it has ceased to belong to the plaintiff,; admitting the latter’s interest under this agreement in relation to the rents, the record contains no evidence which can enable us to measure the damages or loss resulting to him from the destruction of the property. It has been pressed upon us that the least vestige of interest subsisting at the time of the loss authorizes a full recovery. To this proposition we cannot accede. It is repugnant to the principle of indemnity which pervades the whole law of insurance against fire; nor do we think it sustained by the adjudged cases to which we have been referred, that any insurable interest legal or equitable, remaining in the insured at the time of the fire, will be protected by the policy, there cannot be a doubt, but a recovery oan be had only for the value of that interest; or to the extent of the actual loss proved on the trial; the sum mentioned in the policy is to be regarded as the extent of the insurer’s liability, and not as the measure of the assured’s claim. The undertaking is to pay the amount of the actual loss or damage sustained by the insured; provided, it does not exceed the sum mentioned in the policy, to which the indemnity is limited. 1 Hall, 46 ; Hammond on Insurance, 2 and 19.
It is therefore ordered that the judgment of the district court be affirmed, with costs.