*1093
 
 THOMPSON, J.
 

 This is a suit on a policy of insurance intended to indemnify the plaintiff against loss by fire on property described as dredge No. 3, for a period of one year from June 5, 1922, till June 5, 1923.
 

 The policy was for $10,000, and, in addition to that amount, the plaintiff claims the statutory penalty of 12 per cent, and $1,000 as a reasonable attorney’s fee.
 

 A fire occurred on or about January 29, 1923, which damaged the dredge to the extent of $14,442.25.
 

 The answer of the defendant admits the damage, hut alleges that the value of the dredge was fixed and agreed on in the policy at the sum of $14,000; that the policy was based on said valuation; and that defendant cannot be held liable for a greater amount of loss than the proportion which the amount of the policy bears to the valuation of the property in the policy after deducting the sum of $8,363, being the value of the salvage remaining in and upon the dredge after the fire.
 

 The defendant’s proportion of the loss on the basis stated would be $4,026.43, and the insured’s proportion of the risk would be $1-610.57.
 

 There was judgment in the court below for the full amount of the policy, together with the penalty and attorney fees as claimed.
 

 It is admitted in the pleadings and undisputed by any evidence that after notice of the fire the defendant appointed as its adjuster the New Orleans Adjustment Company.
 

 That, after an inspection of dredge No. 3 by the adjuster, one H. D. McLean, a commercial engineer, was employed to visit the dredge for the purpose of ascertaining and reporting to defendant’s adjuster the physical facts with reference to the condition of said dredge No. 3; that is to say, the original costj the cost of a complete reproduction and the sound value at the time of the fire, and the amount and value of salvage.
 

 The said McLean with a representative of the plaintiff visited the dredge and agreed as to the physical conditions then and theretofore existing relating to said dredge.
 

 The parties agreed that the original cost, or the cost of reproduction, was $30,000.
 

 That the sound physical value, or the physical value of the dredge at and immediately prior to the fire, was $22,805.22.
 

 That the physical value of the dredge, or the value remaining in the dredge after the fire, was $8,363.
 

 That the fire destroyed the physical value of the dredge to the extent of $14,442.35.
 

 The statement as thus agreed on by the representatives of the plaintiff and defendant was reported to the adjustment company', whereupon said company advised defendant that it was only liable to the extent of $4,026.-43, being five-sevenths of the value of the property as claimed to have been fixed in the policy after deducting the salvage or remaining value of the dredge. •
 

 The defense has proceeded on the theory that the policy is a valued policy, and, having been issued on an agreed valuation, that valuation is conclusive on plaintiff.
 

 On the other hand, the plaintiff’s contention is that the policy is an open one; that the valuation has not been definitely fixed, but was left open to be ascertained when and if a loss occurred and in the manner as provided by the policy terms.
 

 The clause upon which the defendant relies is typewritten and attached to the policy, and reads as follows:
 

 “It is understood and agreed between the assured and this company that the value of the property insured hereunder for the purpose of this insurance is $14,000, and this company shall not be hable for a greater proportion of any agreed amount of loss or damage than the amount of this policy bears to the above-expressed valuation.”
 

 It is argued that the above typewritten provision fixing the value of the property
 
 *1095
 
 must be accepted as conclusive and controlling over- any other printed stipulation contained in the policy which undertakes to provide the manner of ascertaining the loss or damage on the basis of the value at the time of the fire. The basis for the contention is the doctrine that the written, always controls the printed part in a policy of insurance. ■That is a well-established rule, but it is only applicable where the written and printed parts are in absolute and irreconcilable conflict.
 

 There is in our opinion no such marked conflict in the written stipulation a"nd any other printed provision of the policy which would require the court to accept the written and strike out the printed portion of the policy.
 

 We are not of the opinion that the provision relied on, even when considered independently of other provisions, is subject to the construction attempted to be placed on it by learned counsel for defendant.
 

 If the paragraph had stopped with the amount $14,000, then there might have been at least some degree of plausibility to defendant’s contention, if such a provision had not contravened the statute regulating such policies.
 

 But the language following the figures of valuation shows quite clearly that the valuation was the mere taking of a stated sum as a basis on which to determine the proportionate liability of the insurance company and the proportion of the risk assumed and carried by the insured in case of either a total or partial loss.
 

 If this were not so, and the parties intended to fix a conclusive value on the property without reference to the actual value at the time of the fire, then why the necessity of providing that the company should not be liable for a greater proportion of
 
 any agreed
 
 amount of loss or damage than the amount of the policy bears to the stipulated valuation?
 

 The answer is that the evident intention of the parties in inserting the valuation was to have some guide to go by in determining the proportion of the risk each should bear of the loss sustained; that is to say, ten-fourteenths by the insurer and four-fourteenths by the insured. Beyond this proportion the company could not be held liable and in no event for a greater amount than the face of the policy.
 

 But if we are wrong in this construction and the stipulation is to be regarded as controlling over other provisions of the policy relating to the cash value of the property at the time of the fire and the method of ascertaining that value and the loss, then we cannot escape the conclusion that the written clause must yield to the other provisions as being in conflict not only with the terms of the policy, but the law under which the pol\ey was written and which is read into the policy.
 

 The defendant admits in its answer that the policy is a New York standard form of policy and the policy on its face shows that it was issued pursuant to the statute adopting that form of policy.
 

 The policy provides, among other things, that the company
 
 shall not be liable beyond the actual cash value orf the property at the time any loss or damage occurs, and the loss or damage is to be ascertained or estimated according to such actual cash value,
 
 with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality. The said ascertainment or estimate shall be made by the insured and the company.
 

 Attached to and made a part of the policy are certain provisions of Act 168 of 1908, as follows:
 

 “That whenever any loss or damage shall be suffered in this state from fire, * * * and notice of the fact that such loss or damage has occurred shall be given * * * to the insurance company issuing such policy, * * * it shall thereupon become the duty of such
 
 *1097
 
 insurance company to furnish * * * such reasonable blank forms of statements and proofs of loss as such insurance company may desire to be filled out, in regard to the time, origin and circumstances of the fire causing such loss or damage, * * * the lists and description and quantity of property destroyed or damaged, and of property saved, and the original cost of such property, and the cash value thereof at the time of the fire,” etc. Section 1.
 

 In section 4 of said act it is provided that all fire insurance companies doing business in this state shall deliver to the insured with each policy issued a copy of this act which shall be considered as a part of the policy contract as full as if it were incorporated therein,
 
 and any condition in the policy contract in contravention with the provisions of the act shall he void and of no effect.
 

 Section 22 of Act 105 of 1898 provides that no fire insurance company shall issue fire insurance policies on property in this state other than those which shall conform to the requirements of the New York standard form of fire insurance policy.
 

 The only valued policy insurance statute in this state is Act 135 of 1900.
 

 That act provides that the value of the property as assessed by the insurer, or as by him permitted to be assessed at the time of the issuance of the policy, shall be conclusively taken to be the true value of the property at the time of the issuance of the policy and' the true value of the property at the time of the damage of destruction.
 

 The act further provides that, if the property insured shall be totally, destroyed; the full amount of the insurance on the property so destroyed shall be paid by the insurer, and, when said property shall be partially damaged, the insurer shall pay such amount as will permit the insured to
 
 restore the
 
 damaged property to its original condition.
 

 So that, if the present policy could be brought within the terms of the valued policy statute as above referred to, there being only a partial damage, the only alternative left to the defendant would be to pay the insured the full par value of the policy, for, as shown by the admission and proof of loss, it would take more than that amount to restore the property to its original condition at the time of the fire.
 

 It is very clear, however, that the statute only refers to property immovable by destination and can have no application to the insurance on movable property.
 

 There is no statute in this state which renders an insurance company liable for the full amount of a policy in event of a total loss or destruction of movable property, and there is no law of this state, other than the act of 1898 and of 1908, which fixes the value of the movable property for purposes of insurance and provides for a method of ascertaining that value and the liability of the insurance company.
 

 The provisions of the statutes in that respect must be held as exclusive and binding on both the company and the assured until changed by the Legislature.
 

 Any attempt to establish by agreement inserted in the policy any valuation of movable property as a basis for the purpose of the insurance and any method of arriving, at such value and the loss, otherwise than as provided in the statutes, must be rejected as not written into the policy.
 

 This is the fiat of the law which declares that any condition in the policy contract in contravention of the terms of the statute shall be void and of no effect.
 

 The method of ascertaining the actual cash value of the property at the time of the fire and the loss sustained by the insured as provided in the statute and the policy was followed substantially by the company and the insured in this cáse.
 

 We are bound to conclude, therefore, that the statute adopting the New York standard form of policy is still in force in this
 
 *1099
 
 state and must control in so far as insurance on movable property is concerned and that no insurance company can write a policy on movable property except in accordance with that statute.
 

 That in all such insurance policies the value of the property is to be ascertained as of the date of the fire.
 

 The statute is fair to both the company and the insured.
 

 To ignore the statute and the terms of the policy written in accordance with the statute and to sustain the contention of the defendant would not in this case afford the plaintiff the indemnity intended by the law and the contract of insurance.
 

 i It must be conceded that a different rule prevails in some jurisdictions and- perhaps in this state prior to the statutes providing a standard form of policy.
 

 There can be no sound rule of law or reason-since the statutes referred to, if there ever was at any time, for requiring the insured to compensate the loss sustained with-the value of the undamaged portion of the property insured. That part of the property undamaged remains the property of the insured and cannot be abandoned to the insurer under the expressed terms of the policy.
 

 It is contended that the valued policy act of 1900 repealed the standard policy act of 1898.
 

 In this counsel is clearly in error. The decision cited as holding that the act of 1898 was repealed is the N. O. Real Estate, etc., v. Teutonic Insurance Co., 128 La. 63, 54 So. 466.
 

 The court there was dealing with an insurance policy on immovable property. The court, on page 66 (54 So. 473) of the opinion on rehearing, said:
 

 “It is true that the policy contains a clause, before quoted, which seeks to limit the liability of the insurer; that is, that the insurer win not be held liable for the acts of the civil authorities,” etc. “But this law, in our view, has been repealed.”
 

 As a matter of course the act of 1898 was repealed in so far as it concerns insurance on property immovable by destination, but the act did not repeal the former statute in so far as it related to movable property.
 

 The repealing clause only repeals all laws or parts of laws in conflict with the act.
 

 The liability of the insurance company for the penalty and for the attorney fees does not seem to be questioned if the company is liable for the amount of the policy.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 ST. PAUL, J., concurs in the decree.