**LIGHTING FIXTURE SUPPLY CO., Inc., v. FIDELITY UNION FIRE INS. CO.**

No. 6141.

Circuit Court of Appeals, Fifth Circuit.

Jan. 23, 1932.

Rehearing Denied Feb. 12, 1932.

St. Clair Adams, of New Orleans, La., for appellant.

Eberhard P. Deutsch and Nicholas Callan, both of New Orleans, La., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment rejecting a claim of appellant for $3,500, with

interest, penalties, and attorneys' fees, based on a policy of fire insurance, issued to it by appellee, alleged to be a valued policy under the law of Louisiana, Act No. 135 of 1900, and awarding a recovery of $304.92, tendered and deposited in the registry of the court by appellee. Error is assigned to the action of the court in directing a verdict, on which the judgment is predicated, and to the admission and exclusion of certain evidence.

There is no dispute as to the material facts, which are these: Appellee was the lessee of a building in New Orleans, and had installed therein certain fixtures and improvements such as partitions, bins, and shelves, a mezzanine floor, and an office inclosure. They were firmly affixed to the building by nails, bolts, and cement, and it was impossible to take them down or remove them without doing them injury or without doing injury to the building. They were totally destroyed by fire on January 3, 1929, within the term of the policy. When destroyed, they had a value of $3,194.41. In addition to the policy in suit, they were covered by other insurance to the extent of $2,000.

The policy in terms insured appellant against all direct loss and damage by fire, to an amount not exceeding $3,500, to these fixtures. The clause of the policy describing the property covered is as follows: "$3500.00 On betterments and improvements to the leased premises consisting of Partitions, shelving, Office, mezzanine floor lattice work, of the 3 Story, Slate Roof, Brick Building situated at No. 301 Tchoupitoulas Street, in New Orleans, Louisiana, and occupied as Electrical Supplies."

The policy contained these further clauses:

"It is understood and agreed that the term 'Betterments and Improvements' is not to mean any fixtures or fittings that are not permanently attached to the building, and is to mean only such betterments and/or improvements as are not permitted by law or by agreement to be removed by lessee or tenant at the expiration of the lease.

"The lease on the property covered hereby begins October 1, 1924, and ends October 1, 1929."

The lease expired on September 30, 1929. It contained these clauses: "This lease is made for and in consideration of the covenants herein contained, all of which are part of the rental, and a monthly cash rent," etc.; and: "All alterations and improvements to the premises, except movable business fixtures, must remain the property of lessor without claim for reimbursement in lessee."

Act No. 135 of 1900, which need not be quoted in full, imposes a valued policy in all contracts of fire insurance covering property "immovable by nature." The act has been construed as not applying to movables. Melancon v. Phœnix Ins. Co., 116 La. 324, 40 So. 718; Lake Arthur Dredging Co. v. Mechanics' Ins. Co., 162 La. 1090, 111 So. 466.

The main question presented for decision is whether improvements and betterments put into a leased building by a tenant and firmly affixed so as to be practically a part of the building are to be considered immovables by nature within the meaning of the valued policy law. The Supreme Court of Louisiana, so far as we are advised, has not had occasion to pass upon this precise question.

Appellant contends that any improvements to an existing building, whether put in by the owner or another, is an immovable by nature, within the meaning of the valued policy law, relying upon Civ. Code La. art. 464, which provides: "Lands and buildings or other constructions, whether they have their foundations in the soil or not, are immovable by their nature."

On the other hand, appellee contends that, to be immovable by nature, improvements to a building must be installed by the owner and not by a tenant, citing article 2726, Civ. Code La., which reads as follows:

"The lessee has a right to remove the improvements and additions which he has made to the thing let, provided he leaves it in the state in which he received it.

"But if these additions be made with lime and cement, the lessor may retain them, on paying a fair price."

The Louisiana Civil Code is to be reviewed as a comprehensive, harmonious statute, and not as a series of disconnected articles. Articles in pari materia are to be construed together. Civ. Code La. art. 17. And mere definitions must yield to positive enactments. Ellis v. Prevost, 13 La. 230; Egerton v. Third Municipality, 1 La. Ann. 437. Keeping these rules in mind, apparently conflicting articles, and decisions construing the Code, may be easily reconciled.

Appellant cites Vaughn v. Kemp, 4 La. App. 682. In that case the question was presented as to whether a small wooden garage built by a tenant upon leased property, under an agreement that it might be re-

moved at the expiration of the lease, was immovable by nature so as to pass to a purchaser of the property under a deed conveying the land, together with all buildings and improvements thereon. The lease was verbal, and, of course, had not been recorded. Under article 506 of the Civil Code, all constructions made on the soil are supposed to be done by the owner and to belong to him. Article 2266 of the Civil Code provides that all contracts affecting immovable property which shall not be recorded shall be utterly null and void except between the parties thereto. The court held that article 464 made no distinction between buildings erected by the owner and those erected by tenants or others, and held that the garage was an immovable and that the purchaser had received a good title to it as against the tenant who had erected it, but had failed to register his agreement. It is evident that the court construed articles 464, 506, and 2266 together so as to give effect to the registration law and protect a purchaser in good faith.

Appellant also cites the case of Louisiana Land & Pecan Co. v. Gulf Lumber Co., 134 La. 784, 64 So. 713. This was a petitory action to recover a tract of land with all the buildings and improvements thereon. Certain buildings were erected by the Gulf Land & Lumber Company on the land of one Staples, with his consent. In April, 1907, the Gulf Land & Lumber Company sold all its assets of every kind, nature, and description, wherever situated, to the defendant, but there was no written deed describing the buildings, nor was the agreement by which the buildings were erected recorded. After that, in August, 1907, Staples sold the land with all buildings and improvements and structures thereon to one Cage. Plaintiff deraigned title from Cage. The Supreme Court discussed articles 464, 506, and 2266, referred to above, and held that the buildings were immovables, and defendant had lost title by nonregistration. Here again it is evident that the court construed the said articles together so as to give effect to those requiring registration of deeds to immovables. These two cases are the only ones relied upon by appellant.

Appellee cites the case of Richardson v. Item Co., 172 La. 421, 134 So. 380, decided March 30, 1931. In that case it appeared that the Item Company was the lessee of a building in New Orleans, and installed a sprinkling system by an agreement with the landlord under which it could be removed at the termination of the lease. The building was sold to Richardson by a deed transferring the land with all the buildings and improvements. He continued the lease and extended it at its termination, adopting the original agreement. At the termination of Richardson's lease, the Item Company removed from the building and took out the sprinkling system. Richardson brought suit to recover the value of it, on the theory that it had become immovable by nature and title passed to him with the purchase of the property. The Supreme Court discussed article 467 of the Civil Code, as amended by Act No. 51 of 1912, which provides that certain fixtures, otherwise movable, such as wire screens, heating systems, etc., become immovables by nature when put into a building by the owner thereof. The court also construed article 2726, above quoted, together with article 468, which declares inter alia that movables attached permanently to a building by the owner become immovable by destination. The court reached the conclusion that fixtures attached to a building do not become immovable unless put in by the owner. The opinion does not mention article 464 nor the decision in Vaughn v. Kemp, supra, but, as Judge Odom, who had been elected to the Supreme Court, was the organ of the court in the writing of both opinions, we may presume that neither was overlooked.

A case analogous in its facts to the one at bar is Miller v. Michoud, 11 Rob. 225, decided by the Supreme Court of Louisiana in 1845, but which, so far as we have been able to ascertain, has neither been overruled nor modified. In that case it appeared that buildings had been erected on leased land and then mortgaged by the tenant. At that time chattel mortgages were unknown to the law of Louisiana, and, with one or two exceptions, not material to this case, only immovables subject to alienation could be mortgaged. It was contended that, by reason of article 464, then No. 455, but identical in terms, that the buildings were immovable by nature and subject to be mortgaged. In construing article 464 (455), the court said: "Art. 455 of our Code, referred to by the appellants' counsel, says that buildings, or other constructions, whether they have their foundations in the soil or not, are immovable by their nature. This is true, but they are immovable only in relation to the soil, with regard to the owner of the soil; but not in relation to the owner of the materials with which they have been erected."

There are other Louisiana cases cited by appellee, but we need not review them, ex-

cept to say that they hold that structures actually movable do not become immovable by nature or destination when placed upon land by one not its owner. No question of the rights of third persons under the registration laws arose in these cases.

It is apparent that article 464, as construed by the Supreme Court of Louisiana, merely creates a legal fiction, to be given effect or disregarded according to the facts in the case and the construction required in connection with other articles of the Code. There is no difference in the legal aspect between movable structures placed on land and movable fixtures put into a building. It may be considered that the court has held that fixtures installed in a building, whether firmly attached or not, are considered immovables only when placed in it by the owner, unless rights of innocent third persons intervene.

Article 473 of the Civil Code La. provides: "Things movable by their nature are such as may be carried from one place to another, whether they move by themselves, as cattle, or can not be removed without an extraneous power, as inanimate things."

A tenant has a right to remove fixtures placed in a leased building, whether they or the building are damaged thereby, under the provisions of article 2726. As to the tenant, they are movables.

The conclusion follows that on the facts in this case the betterments and improvements insured were movables so long as appellant retained any interest in them, and the valued policy law of Louisiana has no application to the policy declared upon.

For the purpose of showing estoppel to deny that the policy as written was a valued policy, appellant offered to prove by the evidence of a witness, Eaves, a vice president of a corporation acting as general agent for Louisiana for the company, that a clause in the printed form had been crossed out and deleted before the policy was issued. The clause was as follows: "It is understood and agreed that the assured's interest in the value of betterments and improvements as covered hereby, shall be in no greater proportion than the unexpired term of the lease bears to the full term of the lease, and any claim for loss or damage on such interest and such betterments or improvements shall be adjusted on this basis."

On objection of appellee, this evidence was rejected. The policy contained the usual clause: "No officer, agent or other representative of this Company shall have power to waive any provision or condition of this Policy except such as by the terms of this Policy may be the subject of agreement indorsed hereon or added hereto."

The policy as written was in form an open policy, complete in itself, and unambiguous. Deletion of a clause in a printed form, before the issuance of a policy thereon, is not equivalent to an indorsement changing the terms of the contract. It is an elementary rule of evidence that parole or contemporaneous evidence is inadmissible to contradict or vary the terms of a valid, written instrument. This rule applies to policies of insurance as well as other contracts. The evidence was not admissible. Northern Assurance Co. v. Grand View Bldg. Ass'n, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213; Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140.

We come now to the question of damages. The policy was an open one. It is a fundamental principle that such a policy of insurance is a contract of personal indemnity. The property is not insured against destruction, but the insured is guaranteed against loss, to the extent of his insurable interest, not exceeding the amount stipulated. As the betterments and improvements installed in the building passed to the owner at the expiration of the lease, in part consideration for the rent, appellant could not sell them, or remove them, or recover their value. It had no other insurable interest than the right to use them until the expiration of the lease. Harrington v. Agricultural Insurance Co., 179 Minn. 510, 229 N. W. 792, 68 A. L. R. 1340, and annotations; St. Paul F. & M. Ins. Co. v. Scheuer (C. C. A.) 298 F. 257; Macarty v. Commercial Ins. Co., 17 La. 365; Miller v. Michoud, 11 Rob. (La.) 225; New Orleans v. Campbell et al., Man. Unrep. Cas. (La.) 47. There are some cases to the contrary, but we need not review them, as we believe the rule announced is supported by the weight of authority. It is not suggested that on this theory the amount tendered was insufficient.

Appellant objected to the introduction of the lease and evidence tending to show the sound value of the property when destroyed, but only on the ground that the policy was valued. From what has been said above it follows that the objections were properly overruled.

The record presents no reversible error.

Affirmed.