## ALEXANDER McDONALD v. SAMUEL STEWART.

A verbal contract of lease may be proved by parol.

An agreement in a contract of lease for the tenant to put improvements on the ground let, so that he may use the ground to advantage, is as much a part of the contract of lease, as would be an agreement therein for him to till the soil. Improvements so made on the personal property of the tenant, and any agreement relative to them, may be proved by parol.

When parties enter into a contract, the contract is to be regulated by the laws in force at the time, and not by laws subsequently made ; though the legislature may pass laws subsequent to the contract, directing the manner in which the rights of the parties thereto may be secured and enforced. It may extend or restrict the remedy, but it cannot exclude *all* remedy.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Whitaker, Fellows & Mills*, for plaintiff and appellant. *C. Roselius*, for defendant.

HYMAN, C. J. Plaintiff alleged that by a written agreement he had leased from defendant a lot of ground, with a house thereon ; that since the property was so let, and while he was tenant, the lease was verbally renewed, and new arrangements entered into ; that by verbal agreement with his lessor, he had put houses on the ground let ; that he occupied and received rent for them, paying lessor the ground rent agreed upon ; that he and his lessor agreed to insure in lessor's name, and in one policy, both his and his lessor's buildings ; that the buildings were so insured ; that the houses were burned by fire, and that lessor had collected the insurance, $3,000, and had refused to pay him $1,500, the amount to which he was entitled by the agreement and insurance.

He prayed for judgment against defendant for $1,500, and interest.

The Judge rendered judgment of nonsuit, and he has appealed from this decree of the Court.

Plaintiff, after proving the within lease and the policy of insurance, offered parol evidence to prove the other allegations.

Defendant objected to such evidence, on the ground that written evidence only could be received. The Court sustained the defendant's objection, refused to receive the evidence, and plaintiff filed a bill of exception to the rejection of the evidence.

A verbal contract of lease may be proved by parol.

An agreement in a contract of lease for the tenant to put improvements on the ground let, so that he may use the ground to advantage, is as much

a part of the contract of lease, as would be an agreement therein for him to till the soil.

Civil Code, Art. 2697 recognizes the right of the tenant to put improvements on the thing let, and his right of ownership in them. It does not impose any restrictions on him in making improvements, but that if so making them, that they can be removed from the thing let, without changing it from the state in which it was when he received it.

Improvements so made on the personal property of the tenant, and any agreement relative to them may be proved by parol. The parol evidence was offered to prove a new agreement, not inconsistent with the written lease, extending the privileges of the lessee.

Such evidence is admissible. See 1 Robinson, 358 ; 7 Robinson, 520. ·

Since this suit was instituted, the Legislature, on 29th day of March, 1865, passed an act entitled an act to amend article 2653 of the Civil Code ; which prohibits the introduction of parol evidence to prove a verbal contract of lease.

When parties enter into a contract, the contract is to be regulated by the laws in force at the time, and not by laws subsequently made ; though the Legislature may pass laws subsequent to the contract directing the manner in which the rights of the parties thereto may be secured and enforced. It may extend or restrict the remedy, but it cannot exclude all remedy.

This act of the Legislature, if it could be effective as to verbal contracts of lease entered into prior to its passage, would exclude the only evidence (which was admissible when leases were so made) that the parties could produce to prove their contracts, and it would not only impair, but virtually destroy the obligations of such contracts. 7 La. 306.

This law can only prevent parol evidence of such contracts, made after its passage.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be avoided and reversed; that the case be remanded to the District Court; that the Judge thereof be required to receive, on the trial of the suit; parol evidence of verbal agreements in relation to the property let, which are not contradictory to the written lease, and made subsequent thereto ; and that, on proof by parol, that the houses burned belonged to plaintiff, he be further required to receive parol evidence of verbal agreements relative to them.

It is further ordered, that defendant pay the costs of this appeal.

HOWELL, J., recused.