146 So. 35

**LIGHTING FIXTURE SUPPLY CO., Inc., v. PACIFIC FIRE INS. CO. OF NEW YORK.**

No. 31286.

June 20, 1932.

On Rehearing Jan. 30, 1933.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, for appellant.

Monroe & Lemann, Nicholas Callan, and Deutsch & Kerrigan, all of New Orleans, for appellee.

Arthur A. Moreno, of New Orleans, amicus curiæ on rehearing.

ROGERS, J.

The plaintiff, as lessee, made certain alterations to the leased premises under an agreement that at the termination of the lease these improvements should, without compensation, become the property of the lessor. Plaintiff insured the improvements for $2,000 with the defendant company. Shortly before the expiration of the lease, the entire building, including plaintiff's improvements, was destroyed by fire. Plaintiff then sued the insurer for the amount of the policy, with penalties, interest, and attorney's fees, grounding its action on the state's valued policy law, Act No. 135 of 1900.

The defendant denied the application of the statutory law pleaded, and averred that plaintiff's insurable interest in the improvements covered by its policy was $187.12, the value of their use for the unexpired term of the lease.

The court below rendered judgment against defendant for $187.12, the amount it admitted to be due. From this judgment, plaintiff has appealed.

The facts are admitted. Plaintiff, as the lessee of a certain building in the city of New Orleans, made certain additions and replacements to the premises, such as partitions, bins, shelving, plumbing, and electric fixtures, a mezzanine floor, and an office inclosure. These fixtures and improvements were firmly attached to the building by nails, bolts, and cement, and it was impossible to remove them without injury to them or to the building. The fire by which they were totally destroyed occurred on January 3, 1929, about nine months prior to the expiration of the lease.

The property insured is described in the contract as follows, viz.:

"$2,000.00 Betterments and improvements all while contained in the three story brick building situated #301 Tchoupitoulas St., corner of Gravier St., City of New Orleans, Louisiana.

"Betterments and improvements are understood to consist of additions, replacements and improvements of any kind, nature and description made to the premises at the Assured's expense including tiling, decorations, plumbing and electrical fixtures and wiring, show windows, shelving, machinery and other fixtures or improvements as are not permitted by law or by agreement to be moved by assured at expiration of lease."

Plaintiff's lease, which expired on September 30, 1929, stipulated, as part consideration of the rental, that "all alterations and improvements to the premises, except movable business fixtures, must remain the property of the lessor without claim for reimbursement in lessee."

■ Under the provisions of Act No. 135 of 1900, all insurance contracts covering fire

risks on property "immovable by nature" are valued policies. The statutory provisions are inapplicable to movables. Melancon v. Phœnix Ins. Co., 116 La. 324, 40 So. 718; Lake Arthur Dredging Co. v. Mechanics' Ins. Co., 162 La. 1090, 111 So. 466.

Plaintiff contends that the insurance contract herein sued on is within the terms of the valued policy law, because the "betterments and improvements" insured therein were immovable by nature. Plaintiff, in support of its contention, relies on article 464 of the Civil Code.

Defendant, on the other hand, contends that the insurance policy is not governed by the valued policy law, because the "betterments and improvements" insured were not immovable by nature, since they were installed in the leased premises by the tenant and not by the owner. Defendant, in support of its contention, relies on article 2726 of the Civil Code.

Defendant's interpretation of the insurance contract was upheld by a recent decision of the United States Circuit Court of Appeals for this circuit in the case of Lighting Fixture Supply Co., Inc., v. Fidelity Union Fire Insurance Co., 55 F.(2d) 110, 111, in which certiorari was denied by the Supreme Court of the United States May 23, 1932. 286 U. S. 558, 52 S. Ct. 641, 76 L. Ed. 1292. In that case an insurance policy for $3,500 similar in terms and additionally covering the same property as the policy under review here was held not to be a valued policy under the law of Louisiana, and plaintiff's recovery was limited to the value of its right of use in the property insured for the unexpired term of the lease. While we are in accord with the

result, we are not in accord with the reasoning in the case.

Things are either common or public, Civ. Code, art. 449; corporeal or incorporeal, Civ. Code, art. 460; movable or immovable, Civ. Code, art. 461.

Things may be immovable by nature or movable by nature; the distinction between these two classes of things being that the former are such as cannot either move themselves or be removed from one place to another, and the latter are such as may be carried from one place to another, whether they move themselves or cannot be removed without an extraneous power. Civ. Code, arts. 462, 463.

Article 464 of the Civil Code provides: "Lands and buildings or other constructions, whether they have their foundations in the soil or not, are immovable by their nature."

Things which the owner of a tract of land place upon it for its service and improvement are immovable by destination. Civ. Code, art. 468.

██ Under the codal article 468, things become immovable by destination only when placed thereon by the owner of the soil. But codal article 464 does not require that, in order to enjoy the character of immovables by nature, buildings or other constructions must be erected on the soil by the owner thereof. As pointed out in Vaughn v. Kemp, 4 La. App. 682, there is no qualification of the rule stated in article 464 of the Civil Code. "The law makes no distinction between buildings erected by the owner and those erected by tenants or others. If they are erected on the land, they are immovable

by their nature." This ruling was quoted and approved by this court in the case of Westwego Canal & Terminal Co., Inc., v. Paul Pizanie and Clarence Pizanie, 174 La. 1068, 142 So. 691, decided May 23, 1932.

Vaughn v. Kemp presented the question of whether a small wooden garage built by a tenant upon the leased land, under an agreement that it might be removed at the termination of the lease, was immovable by nature so, as to pass to a purchaser under a conveyance of the land with all the buildings and improvements thereon. The court held that it was, and that the purchaser received a valid title to the garage as against the tenant who had failed to record his agreement.

And in Louisiana Land & Pecan Co. v. Gulf Lumber Co., 134 La. 784, 64 So. 713, which involved a petitory action for the recovery of a tract of land with the buildings, which had been erected thereon by defendant's authors with the landowner's consent, the court held, applying article 464 of the Civil Code, that the buildings were immovable, and that the defendant had lost title thereto by non recordation.

Defendant seeks to distinguish the foregoing two cases from the case at bar by suggesting that the decisions in the cited cases were intended to give effect to the registration laws so as to protect purchasers in good faith. The suggested distinction appears to have been accepted by the United States Circuit Court of Appeals in deciding the case of the present plaintiff against the Fidelity Union Fire Insurance Co., supra.

For our own part, we are unable to appreciate the force of the distinction suggested

by defendant. It is true, the cited cases involved the application of the laws governing the registration of deeds or other contracts. But this is because the property in dispute was found to be immovable property. And it was solely because the property was considered to be immovable property that the court protected the innocent purchasers thereof by applying the registration laws. If the property in dispute had been considered movable property, it is obvious that the laws providing for the recordation of contracts affecting immovables would have been inapplicable, and it would not have been necessary for the court to give them effect.

Defendant argues that as to a tenant the fixtures which he placed in the leased premises were movables, since, under article 2726 of the Civil Code, a tenant had a right to remove such fixtures, whether they or the buildings are damaged thereby. Apparently, because it was impressed with the soundness of this argument, and because it was influenced by a certain statement appearing in the case of Miller v. Michoud, 11 Rob. 225, the United States Circuit Court of Appeals, in the Fidelity Union Fire Insurance Company Case, supra, held that the "betterments and improvements" covered by the insurance policy therein reviewed were movable, and not immovable, property, and hence not within the meaning of the Louisiana valued policy law.

But defendant's argument is inappropriate to the facts of this case. It wholly overlooks the stipulations of the lease contract, which are controlling of the respective rights of the lessor and the lessee. Article 2726 becomes effective only where a lease is

silent as to the improvements placed on the leased premises by the lessee. But where, as in the case before us, the contract in express terms provides that, as part of the rental, all alterations and improvements, except movable business fixtures, must remain the property of the lessor, the contractual provision prevails over the codal article, and the lessee is without right to remove such alterations and improvements. From which it follows that both as to the tenant and as to the owner the improvements placed in the leased premises are immovables.

The question at issue in Miller v. Michoud was whether a lessee could mortgage the improvements which he had placed on the leased premises; the lease providing that the improvements were, without compensation, to become the property of the lessor at the expiration of the lease.

The court, in referring to article 455 (now Article 464) of the Civil Code, stated that buildings or constructions are immovable only in relation to the soil, with regard to the owner of the soil; but not in relation to the owner of the materials with which they are erected. And the court then showed that it had previously demonstrated in its opinion that the right of a lessee, as owner of the materials, is merely a movable right, subject to be exercised at the option of the owner of the soil; that, if the buildings be taken away, they become movables; until then they are immovables as being part of the estate composed of the soil and the improvements.

While the statement that the lessee enjoys merely a movable right in the improvements may well be questioned in a case where a lessee, subject to the option of the lessor, may keep the improvements, we do not think it can be seriously disputed that in a case where the lessor, without compensation to the lessee, is to keep the improvements, the improvements are immovables. As stated in Miller v. Michoud, they are a part of the estate composed of the soil and the improvements. And the owner of the estate is the only one who can exercise any immovable rights therein, except to the extent such rights may have been relinquished. This being so, the decision in Miller v. Michoud was correct on the facts, and all that this court said in respect to the rights of the lessee being movable rights was wholly beyond the question at issue.

Defendant refers to McDonald v. Stewart, 18 La. Ann. 90; Woodward v. Railway Co., 39 La. Ann. 566, 2 So. 413; McCormick v. Louisiana & N. W. R. R. Co., 109 La. 764, 33 So. 762.

In McDonald v. Stewart, the question was whether parol evidence was admissible to prove an agreement that the buildings of the lessee and the lessor were insured under one policy in the lessor's name, so that under the agreement, the houses being burned, the lessee could recover from the lessor his share of the insurance money, which the lessor had collected.

In the Woodward Case, the court held that a railroad constructed on the soil of another is movable property and as such is subject to the laws regulating pledges on movables.

The McCormick Case involved the right of a landowner to compel the removal by a railroad company of a depot which it had erected on his land with his consent, changed condi-

tions having rendered the depot useless for railroad purposes.

But in neither of these cases was article 464 of the Civil Code considered, or even referred to.

Defendant refers to certain expressions of the court in Weill v. Kent, 52 La. Ann. 2139, 28 So. 295, 298, and Fallin v. Stovall, 141 La. 220, 74 So. 911, 914.

The expression in the Weill Case is as follows: "Houses, though declared by the Code to be immovable by their nature (Rev. Civ. Code, art. 464), are sometimes held to be movable; and things essentially movable in their nature are by the force and power of the law frequently made to become immobilized."

The expression was nothing more than a passing remark made by the court in dealing with the real issue involved in the case; namely, the enforcement of a privilege on the crop of a plantation by the furnisher of supplies. The provisions of article 464 were not submitted to the court for interpretation.

The expression in the Fallin Case reads as follows: "The owner * * * and the owner alone, has the faculty of placing movable objects upon his land under such conditions as to attach them to, and * * * make them, inseparable from it."

The expression is used, however, in connection with article 468 of the Civil Code, providing for the immobilization of certain movables by destination. No reference whatever is made in the opinion to article 464, declaring what are immovables by nature. And the case involves the application of Code Prac. art. 645, Const. 1898, art. 244, and Act No.

188 of 1904 as between a judgment creditor and a judgment debtor in the seizure of seven acres of peanuts hanging by the roots.

Defendant also cites Dougherty v. Y. & M. V. R. R. Co., 9 La. App. 295, 119 So. 543, decided by the Court of Appeal for the First Circuit, in which certiorari was refused by this court. But the only issue before the court there was whether a landowner was entitled to recover damages from a railroad company for the destruction of his tenant's barn by fire, alleged to have been caused by sparks from the defendant's locomotive. The court held that the plaintiff could not recover, since he was not the owner of the barn. The only question considered by the court was the ownership of the barn, and the court denied plaintiff any recovery, because he was not the owner. Article 464 of the Civil Code was not mentioned, and no question was raised or decided as to whether the barn was, or was not, an immovable by nature or by destination.

Our conclusion is that, according to the plain declaration of article 464 of the Civil Code, the alterations and improvements made by the lessee to the leased premises were immovables. But it by no means follows from this conclusion that the contract by which they were insured is governed by the valued policy law.

There is nothing in the valued policy law which prohibits the insurer from contesting the extent of the insurable interest of the insured in the immovable described in the policy. The statute presumes that the insured is the owner of the property insured, and merely prescribes a rule of public policy

for establishing the pecuniary loss suffered by its partial or total destruction by fire.

 The insurance contract herein sued on covered, by express agreement, those betterments and improvements which were not permitted by law or by agreement to be moved by the insured at the expiration of the lease. And the lease itself provided that those betterments and improvements "must remain the property of the lessor without claim for reimbursement in the lessee." In other words, the lessor owned the improvements made in the leased premises, subject to the lessee's right to use those improvements. Therefore the only thing owned by the lessee which was subject to the insurance contract was his immovable right of use and enjoyment in the improvements, and we think that it was this right that was covered by the insurance of the improvements themselves. The insured's recovery must be limited accordingly. The amount of this recovery is by agreement of the parties fixed at $187.12, which is the amount awarded plaintiff by the court below.

The Tulane Law Review, June 3, 1932, Vol. VI, No., p. 626 et seq., contains an interesting and instructive comment upon the decision of the United States Circuit Court of Appeals for this circuit in the case of Lighting Fixture Supply Co. v. Fidelity Union Fire Insurance Co., supra. The writer of the article exhaustively reviews the French authorities, which appear to support the conclusion reached by us in this case.

For the reasons assigned, the judgment appealed from is affirmed.

LAND, J., dissents as to value allowed on property insured.

On Rehearing.

LAND, J.

After a thorough and careful reconsideration of the issues involved in this case, we are convinced that our former opinion and decree are correct.

It is therefore ordered that our original decree be reinstated and made the final judgment of the court.

OVERTON and ODOM, JJ., dissent.

O'NIELL, C. J. (concurring).

My reason for concurring in the decree, affirming the judgment of the civil district court, is that it would seem anomalous if we should maintain that the office fixtures, shelving, mezzanine floor, and other so-called betterments and improvements placed by the lessee in the leased premises became immovable by nature, and yet remained the property of the lessee. The valued policy law (Act No. 135 of 1900), according to its very terms, applies only to property "immovable by nature." The plaintiff, here, demanded payment of the full amount stated in the face of the policy, $2,000, not on the theory that the so-called betterments and improvements were worth $2,000, but upon the theory that the so-called betterments and improvements were "immovable by nature," and were therefore covered by the valued policy law.

Some of these betterments and improvements, probably, were so incorporated into the building as to be a component part of it—and hence a part of an immovable by nature. But such parts of the betterments and improvements as were so incorporated into the building as to form a part of it were a part of

the immovable by nature, which belonged to the lessor, and therefore did not belong to the lessee. Other parts of the betterments and improvements that were insured as the property of the lessee were, probably, not incorporated into the building so as to be a component part of it; and such parts of the betterments and improvements would have continued to belong to the lessee, but for the stipulation to the contrary in the contract of lease. But such of the betterments and improvements as would have remained the property of the lessee but for the stipulation to the contrary in the contract of lease did not become immovable by nature, or a part of an immovable by nature, and therefore were not covered by the valued policy law.

The betterments and improvements which the lessee in this instance placed in the leased property, and which were insured by the defendant in this case, as the property of the lessee, did not become "immovable by destination," because it is only such betterments and improvements as the *owner* of the building has attached permanently to the building that become "immovable by destination," according to articles 468 and 469 of the Civil Code.

The test by which we should determine whether any particular article among the betterments and improvements became a part of the building, and thereby lost its identity as a movable, is the test by which we determine whether a seller of such property as machinery or material, to form a part of a building or manufacturing establishment, has lost the vendor's lien, by reason of his property's having lost its identity as a movable, and having become a part of the immovable by

nature. If an article of machinery, or other betterment or improvement, which has been sold to the owner of the immovable by nature, and placed by him upon or in the immovable by nature, the article retains its character as a movable quo ad the seller, until the price is paid, and is subject to the seller's lien, if the article sold has not lost its identity by being incorporated into the immovable by nature, and if it can be removed so as to leave the immovable property in the same condition that it would have been if the movable article had never been placed upon or in it. But, if the movable article so sold has become so incorporated into the immovable by nature as to lose its identity as a movable, and as to become a component part of the immovable by nature, such as building material, it has ceased to be movable property, even as to the seller, and his lien is thereby lost. The same test—the same principle—is applicable to this case. Those parts of the betterments and improvements in question which did not become a part of the building continued to be movable property, and were not covered by the valued policy law; and those parts of the betterments and improvements that did become a part of the immovable by nature ceased to be the property of the insured.

As a matter of fact, according to the clause in the contract of lease, the lessee was not the owner of the betterments and improvements that were insured by the defendant, but had only the one element of ownership—the use of these betterments until the termination of the lease. The judgment appealed from, therefore, is correct, in that it gives the insured the full value of his interest in the property insured.

It is true that the insurance company did not plead a violation of the clause in the policy requiring the insured to be the unconditional owner of the property; but that plea was not necessary. The issue arose, incidentally and necessarily, from the plaintiff's invoking the valued policy law, which is applicable only to property "immovable by nature." The property covered by the policy on which the plaintiff sued could not have been immovable property without being the property of the lessor; because the only theory on which the property covered by the policy of insurance on which this suit is brought could have been deemed "immovable by nature" was that it formed a component part of the leased building, which, of course, did not belong to the plaintiff.

These reasons, on which I base my concurrence in the decree rendered in this case, were developed by the argument on rehearing, and especially by the briefs of the amicus curiæ.