THE BRUNSWICK-BALKE-COLLENDER COMPANY v. CAROLINA BOWLING ALLEYS, INCORPORATED, MRS. MAE S. CAVINESS, J. M. BROUGHTON AND L. N. WEST.

(Filed 3 May, 1933.)

**1. Sales I d—**

Where personal property is sold under a registered conditional sales contract and the purchase price is not paid in accordance with the agreement, the seller is the owner thereof and is entitled to possession as against the purchaser and all persons claiming under him. C. S., 3312.

**2. Fixtures A b—Seller to lessee under conditional sales contract held entitled to removal of chattels upon reimbursement of lessor.**

Where the lessee of real property purchases certain personal property under a registered conditional sales contract and installs same in the leased premises, the lessee being under contract with the lessor to make all alterations in the building necessary for the purpose to which the lessee was to use the property and to pay for all equipment required therefor, and the lessee fails to pay for the personal property installed in the building, and it appears that the personal property cannot be removed without substantial damage to the building, but that such damage can be fully and adequately compensated in money: *Held,* in the suit of the seller of the personal property to have same sold for the payment of the balance due thereon he is entitled to have an issue as to the amount of money necessary to restore the premises to their original condition submitted to the jury, and the rights of the lessor may be protected by judgment of the court requiring the seller to reimburse him for the damage to the building, since the proceeds of the sale of the personal property will be distributed under the orders of the court.

APPEAL by plaintiff from *Sinclair, J.,* at November Term, 1932, of WAKE. New trial.

This action was begun in the Superior Court of Wake County on 30 January, 1931. On the facts alleged in its complaint, the plaintiff prayed judgment (1) that the plaintiff recover of the defendants, Carolina Bowling Alleys, Incorporated, and Mrs. Mae S. Caviness, the sum of $435.00, with interest from 21 September, 1928, and the costs of the action; (2) that by virtue of the conditional sale contract alleged in the complaint, the plaintiff is the owner and entitled to the possession of the

20—204

articles of personal property described therein; (3) that the said articles of personal property be sold by a commissioner appointed by the court for that purpose; and (4) that the proceeds of said sale be applied under the orders of the court to the payment of the judgment.

After the action was begun and while the same was pending, to wit: on 11 March, 1932, J. M. Broughton and L. N. West, on their motion, were made parties defendant. They filed an answer in which they denied that the plaintiff is the owner and is entitled to the possession of certain of the articles of personal property described in the complaint. They alleged that the articles of personal property described in their answer had been and are now affixed to the building in which they were installed by the defendant, Carolina Bowling Alleys, Incorporated, and which is owned by them, and that the same cannot now be removed from said building without material injury to the same.

The issue involving the controversy between the plaintiff and the defendants, J. M. Broughton and L. N. West, was submitted to the jury and answered as follows:

"5. Is the plaintiff entitled as against the defendant, J. M. Broughton and L. N. West, to the possession of the following portion of the property described in the complaint, to wit: Ten No. 1, up-to-date regulation bowling alleys, with leatheroid bed and kick back plates? Answer: No."

From judgment that the plaintiff is not entitled to the possession of the property described in the 5th issue, as against the defendants, J. M. Broughton and L. N. West, the plaintiff appealed to the Supreme Court.

*Barwick & Leach for plaintiff.*
*J. Crawford Biggs for defendants.*

CONNOR, J. The only errors assigned by the plaintiff on its appeal to this Court are based on its exceptions at the trial with respect to the 5th issue. There are no exceptions in the case on appeal with respect to the other issues. The plaintiff does not contend that there were errors in the trial of the issues arising on the pleadings and involving matters in controversy between the plaintiff and the defendants, Carolina Bowling Alleys, Incorporated, and Mrs. Mae S. Caviness. It appears from the answers of the jury to these issues that the said defendants are indebted to the plaintiff in the sum of $435.00, with interest from 21 September, 1928, and that the defendant, Mrs. Mae S. Caviness, is entitled to recover of the plaintiff on her counter-claim, the sum of $275.00. The plaintiff is, therefore, by virtue of the conditional sale contract, the owner and entitled to the possession of the articles of personal property described in the complaint, which include the articles

described in the 5th issue, as against both the defendant, Carolina Bowling Alleys, Incorporated, and the defendant, Mrs. Mae S. Caviness, notwithstanding the negative answer of the jury to the third issue. There is no judgment in the record determining the rights of the plaintiff as against the defendant, Carolina Bowling Alleys, Incorporated, or the defendant, Mrs. Mae S. Caviness. The only judgment in the record is that rendered on the answer of the jury to the 5th issue. It is from this judgment that the plaintiff has appealed to this Court. It assigns as error the instructions of the trial court to the jury that "if you find the facts to be as shown by all the evidence, you will answer the 5th issue, No."

The facts pertinent to the 5th issue as shown by all the evidence at the trial are as follows:

The defendants, J. M. Broughton and L. N. West, are now and have been continuously since 15 August, 1928, the owners of a lot located at 120 West Davie Street in the city of Raleigh, N. C. There is situate on this lot a brick building which was designed and constructed for use as a garage. The building is 100 feet long and 82 feet wide. It is a one-story building, and has a concrete floor, containing about 6,000 square feet. The building cost about $25,000.

On or about 15 August, 1928, the said defendants leased this property to the defendant, Carolina Bowling Alleys, Incorporated. By the terms of the lease, it was agreed that the lessee should make all alterations in the building required to adapt it for use as a bowling alley, and should purchase and install in the building all equipment required for that purpose. It was expressly agreed that the owners of the building should bear no part of the expense of making the alterations, no part of the cost of the equipment, and no part of the expense of installing the equipment in the building. The owners of the property were induced by this agreement on the part of the lessee to lease the building for use as a bowling alley.

On 21 September, 1928, the plaintiff entered into a contract with the defendant, Carolina Bowling Alleys, Incorporated, by which the plaintiff agreed to sell and deliver to the said defendant certain articles of personal property, described in the contract, and constituting the necessary equipment for a bowling alley. The said defendant agreed to pay to the plaintiff, on the purchase price for said articles of personal property, in cash, the sum of $6,591.50, and to execute and deliver to the plaintiff, in payment of the balance due on the purchase price, fifteen notes, each for the sum of $435.00. These notes were to be due and payable, with interest, consecutively, on the 21st day of each month after the date of the contract. It was expressly agreed by and between the plaintiff and the defendant, Carolina Bowling Alleys, Incorporated,

that the title to the articles of personal property described in the contract should be and remain in the plaintiff until all the said notes had been paid. This contract was in writing, and was executed and recorded in the office of the register of deeds of Wake County.

Pursuant to said contract, the defendant, Carolina Bowling Alleys, Incorporated, paid to the plaintiff the sum of $6,591.50, in cash, and executed and delivered to the plaintiff fifteen notes, each for the sum of $435.00, in accordance with the terms of said contract. Thereupon the plaintiff delivered to the said defendant the articles of personal property described in the contract, as follows:

"Ten No. 1, up-to-date regulation bowling alleys, with leatheroid bed, and kick back plates, simplex pin spotters, one electric floor machine, rite lite reflectors, and 60 ever-hold steel chairs, and playing equipment complete."

These articles of personal property were installed at once by the defendant, Carolina Bowling Alleys, Incorporated, in the building owned by the defendants, J. M. Broughton and L. N. West, and in its possession as their lessee. They were and are now so affixed to said building that they cannot be removed therefrom without material injury to the building. If said articles should be removed from said building it will cost not less than seven or eight hundred dollars to restore the building to the condition in which it was in at the time they were affixed to said building. Holes were bored into the concrete floor in order that the equipment might be anchored thereto. A wooden floor was constructed over the concrete floor, and platforms for seats were erected in said building. If the equipment for the bowling alley is removed from the building, it will be necessary to fill up the holes, and to remove the wooden floor and the platform. This will require the expenditure of a considerable sum of money.

After the equipment was installed in the building, the defendant, Carolina Bowling Alleys, Incorporated, used the same, as lessee of the building, for the operation of a bowling alley, in said building, until 16 October, 1930, when the said defendant sold said equipment to the defendant, Mrs. Mae S. Caviness. The bill of sale for said equipment was drawn by the defendant, J. M. Broughton, who is an attorney at law. The said equipment is described in said bill of sale as personal property. As one of the terms of the sale, the defendant, Mrs. Mae S. Caviness, assumed the payment of the note sued on in this action. Contemporaneously with the execution of the bill of sale to her, Mrs. Caviness executed a deed of trust, by which she conveyed the said equipment, as personal property, to secure her indebtedness to the defendants, J. M. Broughton and L. N. West. This deed of trust was drawn by the defendant, J. M. Broughton. There was no evidence at the trial tending

to show that Mrs. Caviness has made any change in the building or in the bowling alley since she purchased said equipment from her codefendant, Carolina Bowling Alleys, Incorporated. She has continued to operate the bowling alley, as lessee of the building.

The articles of personal property described in the 5th issue were delivered to the defendant, Carolina Bowling Alleys, Incorporated, by the plaintiff under and pursuant to its contract with said defendant. This contract was in writing, was duly executed, and was duly recorded prior to the installation of said property by the said defendant, as lessee, in the building owned by the defendants, J. M. Broughton and L. N. West, as lessors. It was agreed by the parties to said contract that the title to said property should be and remain in the plaintiff until all the purchase money notes had been paid. The last of said notes has not been paid. The plaintiff is, therefore, the owner and entitled to the possession of said property as against the defendant, Carolina Bowling Alleys, Incorporated, and all persons claiming under said defendants (C. S., 3312, *Finance Co. v. Weaver,* 199 N. C., 178, 153 S. E., 861) unless the plaintiff has lost its right to the possession of said property because it cannot now be removed from the building without material and permanent damage to said building. All the evidence shows that the property cannot now be removed from the building without material damage to the same. The evidence also shows that the damage can be fully and adequately compensated by money. By the expenditure of a sum of money the building, after the property has been removed, can be restored to the condition in which it was in at the time the property was installed therein. The rights of the defendants, J. M. Broughton and L. N. West, can be fully protected without depriving the plaintiff of its property.

An issue may be submitted to the jury in order that it may be determined what sum, if any, will be required to repair the damage to the building caused by the removal of the personal property described in the 5th issue, if said issue shall be answered in the affirmative. The trial court may, and doubtless will, in its judgment require the plaintiff to fully indemnify the defendants, J. M. Broughton and L. N. West, the owners of the building and the lessors of their codefendants, for all damage caused by the removal of the property from the building under its judgment, *Cox v. Lighting Co.,* 151 N. C., 62, 65 S. E., 648. When the property has been removed from the building and sold, the proceeds of the sale will be distributed under the orders of the court. Thus the rights of all interested parties will be protected.

There was error in the instruction of the court with respect to the 5th issue. The plaintiff is entitled to a new trial. It is so ordered.

New trial.