**HILLTOP BOWL, INC., et al.,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY et al.**

**HILLTOP REALTY, INC., et al.,**

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY et al.**

**Civ. A. Nos. 10340, 10341.**

United States District Court
W. D. Louisiana,
Shreveport Division.

Jan. 7, 1966.

James J. Dormer, Brown & Dormer, J. Bennett Johnston, Jr., Johnston & Johnston, Shreveport, La., for plaintiffs.

Charles L. Mayer, Mayer & Smith, Shreveport, La., for defendants.

BEN C. DAWKINS, Jr., Chief Judge.

These two actions reach us by timely removal from the State Court, jurisdiction of this Court resting upon 28 U.S.C. § 1332, and the requisite diverse citizenship among the parties.

Defendants are the fire insurers under separate policies of insurance of Hilltop Bowl, Inc., and its loss payees, plaintiffs in Civil Action 10,340, and Hilltop Realty, Inc., and its loss payees, plaintiffs in Civil Action 10,341.

The circumstance precipitating these actions was a fire occurring January 19, 1964, which partially destroyed a building owned by Hilltop Realty, Inc., and its contents owned by Hilltop Bowl, Inc. The premises were designed and operated as a bowling alley in Mansfield, Louisiana. From the record, it is evident that the two corporations were separate legal entities, each having an independent corporate purpose. Hilltop Realty, Inc., was the owner and lessor of a building; Hilltop Bowl, Inc., occupied the building as lessee for a substantial rental and operated a bowling alley business. Hilltop Bowl, Inc., was the purchaser of the bowling lanes in question, and installed them at its expense in the building owned by Hilltop Realty, Inc., along with automatic pinsetters and various other bowling apparatus.

Failing to agree on the actual cash value of the insured properties, each of the parties, pursuant to the terms of the insurance contract, appointed an appraiser and the Court selected an umpire, to render an appraisal. It was ultimately agreed that the actual cash value of the building structure and air conditioning (not including the bowling lanes) was $64,940.50; the actual cash value of the contents (not including the bowling lanes) was $103,665.81; and, the actual cash value of the bowling lanes was $58,274.55.

Hilltop Realty, Inc., owner of the building, carried insurance in the sum of $120,000; Hilltop Bowl, Inc., owner and operator of the bowling enterprise, carried insurance in the sum of $115,000, subject to a co-insurance provision.[1]

---

1. Under the terms of the policy, Hilltop Bowl, Inc., was required to maintain insurance on the contents equal to 100% of the actual cash value thereof, and "failing so to do, the insured shall be an insurer to the extent of such deficit and in that event shall bear his, her or their proportion of any loss."

Thus if the bowling lanes be considered part of the building, both building and contents are adequately insured; if contents, however, the actual cash value of the contents would exceed the applicable insurance, making the owner of the contents a co-insurer to the extent of 28.-986% of the loss.

Needless to say, defendant has taken the position that the bowling lanes were contents and has paid all sums due under that interpretation. Plaintiffs maintain that the bowling lanes are not contents but part of the building, and that both building and contents are adequately insured. They seek an additional sum of $22,863.28, which represents the amount denied them by invocation of the co-insurance clause.[2] Resolution of this controversy presents the only issue now before us.

■ According to the law of Louisiana, which is applicable here, the law of property regards things as either movable or immovable. La.Civil Code art. 461 (1870). Generally, immovable things are such as cannot be removed from one place to another, such as lands, buildings, and other constructions, whether they have their foundations in the soil or not. La.Civil Code arts. 462, 464 (1870). They may be classified as immovable by nature or as immovable by destination. La.Civil Code art. 463 (1870). It follows that things originally movable may become immobilized by the use to which they are put and their attachment to a "fundus."[3] Things immovable by destination may be divided into two categories: (1) movables which have been placed on the fundus for its service and improvement by one who owns both the land and the movable; and (2) movables permanently attached to a building by the owner of both the building and the movable. La.Civil Code art. 468 (1870).[4]

On the other hand, things immovable by nature include: lands, buildings or other structures, whether or not their foundations are in the soil;[5] standing trees, crops and their ungathered fruits;[6] and, component parts of a building— movables "connected with or attached to the building by the owner for the use or convenience of the building." La.Civil Code art. 467 (1870) (as amended 1912).[7]

■ Turning to the Louisiana jurisprudence, we find it consistent that immobilization by destination under Articles 468 and 469 may occur only where the owner of a tract of land or building places on the premises movable things also owned by him. In Richardson v. Item Co., 172 La. 421, 134 So. 380 (1931), the defendant lessee removed an automatic sprinkler system he himself had installed. To the plaintiff lessor's assertion that the thing was immobilized and thus owned by him, the Court stated:

"A movable becomes an immovable by destination when the owner unites it with lands, tenements, or buildings which are also owned by him,

---

2. The appraisal lists the damage done to the building as $21,643.85 and to the contents, including the bowling lanes, as $78,877.92. The defendants have paid the former sum but only $56,014.64 of the latter.

3. The Latin "fundus" has not been susceptible of an exact English translation. It is often used interchangeably with the French "fonds," and has been accepted in the Louisiana jurisprudence to mean a tract of land with buildings. See Edwards v. S. & R. Gas Co., 73 So. 2d 590 (La.App.2d Cir.1954).

4. Article 469 amplifies Article 468: "The owner is supposed to have attached to his tenement or building forever such

movables as are affixed to the same with plaster, or mortar, or such as can not be taken off without being broken or injured, or without breaking or injuring the part of the building to which they are attached."

5. La.Civil Code art. 464 (1870).

6. La.Civil Code art. 465 (1870).

7. This analysis of the law under the Louisiana Civil Code, although somewhat streamlined for our purposes, accords with Yiannopoulos, Movables and Immovables in Louisiana and Comparative Law, 22 Louisiana Law Review 517 (1962), and Comment, Immovables by Nature under Article 467 of the Civil Code, 20 Louisiana Law Review 410 (1960).

with the intention that the movable shall henceforth be merged and associated with the destiny of the realty. For a movable to become an immovable by destination it must necessarily be placed upon or attached to the immovable by the owner himself.[8]

And with particular regard to the facts here presented, we note that the Court in Richardson significantly added:

"*  *  * When such things are placed upon an immovable by a lessee as an improvement or addition, they remain movables, and may be carried away by him unless attached with lime and cement," .

in which case the lessor may retain them, on paying a fair price.[9]

■ We find the conclusion inescapable that these bowling lanes are neither immovable by nature under Article 467 nor immovable by destination under Article 468 because there was no unity of ownership as required by those articles. Moreover, under Article 2726 the lessee had a continuing right of removal.

We further find that the bowling lanes did not become immobilized under Article 464. In Lighting Fixture Supply Co. v. Pacific Fire Ins. Co., 176 La. 499, 146 So. 35 (1933), the lessee made certain alterations to the leased premises, which were destroyed by fire. In his action against the insurer the lessee urged that Article 2726 prevented the additions from being immobilized, thus continuing his insurable interest therein. In affirming a judgment in favor of the insurer, the Court rejected the applicability of Article 2726 in view of the provision of the lease that at its termination the improvements would, without compensation, become the

property of the lessor. Thus the Court concluded that under Article 464 the alterations and improvements made by the lessee were immovables. In the case here presented, there is nothing to negative the applicability of Article 2726. On the contrary, we find an agreement styled a "Real Estate Consent" which, in unequivocal terms, stipulates that the bowling lanes and equipment installed by Hilltop Bowl, Inc., upon the property therein described "shall at all times be considered personal property and not attached to the real estate." This agreement was executed by Hilltop Bowl, Inc., Hilltop Realty Corporation, the Commercial National Bank in Shreveport, and the First National Bank in Mansfield. It is apparent, therefore, that Article 464 is unavailing to these plaintiffs.

The plaintiffs further contend, apart from the asserted characterization of these bowling lanes as immovables, that the lanes are included under the policy's "building" coverage:

"When a BUILDING is insured hereunder it shall mean the basic structure, its additions and structures directly and immediately attached thereto, all building service installations made a permanent part of the building, and detachable fittings of the building (either in place or when stored therein)  *  *  *."

This argument overlooks, in part, the provision specifically excluding certain property often referred to as "contents" from the "building" coverage. When the policy provides "contents" coverage, it includes the proviso:

"When this policy insures furniture, fixtures and equipment, it shall

8. 134 So. at 381. See also Scovel v. Shadyside Co., 137 La. 918, 69 So. 745 (1915); Folse v. Loreauville Sugar Factory, 156 So. 667 (La.App. 1st Cir. 1934); cf. Lighting Fixture Supply Co. v. Pacific Fire Ins. Co., 176 La. 499, 146 So. 35 (1933) (the requirement that things be placed "by the owner" does not apply to buildings and other structures under Article 464).

9. La.Civ.Code art. 2726 (1870) provides: "The lessee has a right to remove the improvements and additions which he has made to the thing let, provided he leaves it in the state in which he received it. But if these additions be made with lime and cement, the lessor may retain them, on paying a fair price."

cover all furnishings, fixtures, machinery, tools, supplies, equipment and other similar personal property pertaining to the insured's business or occupancy when contained in (or on) the building described upon the first page of this policy  *  *  *."

Thus the issue as plaintiffs suggest it is whether the bowling lanes should be counted as part of the building's "additions and structures directly and immediately attached thereto," rather than "furnishings, fixtures,  *  *  *  equipment [or] other similar personal property," within the meaning of the policy.

■ While no direct authority could be found we perceive that the Louisiana Courts would regard bowling lanes stipulated to be and remain personal property as furnishings, fixtures or equipment, pertaining to the insured's business, within the intendment of this insurance policy.[10] Our conclusion is supported by inference from our finding above, that this property had not become immobilized. The jurisprudence from other juridictions appears to be in substantial accord.[11]

For the reasons stated above, the plaintiffs' motion for summary judgment is denied. Judgment in accordance with the motion of defendant shall be entered upon presentation of an appropriate decree.

10. Compare Lighting Fixture Supply Co. v. Pacific Fire Ins. Co., 176 La. 499, 146 So. 35 (1933) (Lessee insured betterments and improvements such as were "not permitted by law or by agreement to be moved" by the lessee at the termination of the lease; *held,* even though parties agreed that the lessee's improvements became the property of the lessor, the lessee had no insurable interest therein and could recover no more than the value of his immovable right of use for the term of the lease); Lighting Fixture Supply Co. v. Fidelity Union Fire Ins. Co., 55 F.2d 110 (5 Cir. 1932) noted at 6 Tulane Law Review 626 (1932).

11. Cases regarding the question whether bowling lanes should be counted as fix-

tures, trade fixtures, or personal property are collected in Annot., 123 ALR 690 (1939). Often the distinguishing factor is the agreement of the parties as to the treatment of the lanes. For example, in Brunswick-Balke-Collender Co. v. Carolina Bowling Alleys, Inc., 204 N.C. 609, 169 S.E. 186 (1933), both the lessor of the building and his lessee stipulated with the vendor of the bowling lanes that the lanes would remain personal property. Even though installation required boring holes in the concrete floor and their removal would do substantial damage, the manifest intention of the parties was deemed controlling over the factor of annexation to the realty.