No. 281

First Circuit

## DOUGHERTY ET AL. v. YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY

(May 8, 1928. Opinion and Decree.)
(June 30, 1928. Rehearing Granted.)
(November 10, 1928. Opinion and Decree on Rehearing.)
(January 2, 1929. Writ of Review denied by Supreme Court.)

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for plaintiffs, appellants.

H. Payne Breazeale, of Baton Rouge, attorney for defendant, appellee.

LECHE, J. Carl B. Luikart leased during the year 1915, from the plaintiffs herein, certain agricultural lands constituting a plantation, situated just north of the City of Baton Rouge. About the 1st of November of that year, the crops grown by Luikart on the leased plantation, were almost entirely destroyed by fire, caused by sparks emitted from a locomotive of the defendant company. The crops had been harvested and were partly gathered, and together with a lot of agricultural implements, were mostly stored in a barn built by Luikart and situated on the premises near the defendant's tracks. It appears that the sparks first set afire a lot of hay that had been stacked in the field near the barn in which it was to be stored, that in this manner the fire most likely was communicated to the barn. The barn and all of its contents were destroyed.

Luikart had obtained insurance on his crops and for some unexplainable reason, plaintiffs had obtained in their name a policy of fire insurance on the barn. It is admitted that the insurance companies paid up such part of the losses as were covered by the policies which they had issued.

Luikart then brought suit against the defendant railroad company for the loss of his crops and in his petition, asked that the insurance companies which had already paid him, be recognized as beneficiaries of so much of his demand as had been satisfied by them under their policies.

A similar suit, which is now on appeal before us, was brought by plaintiffs against defendant railroad company, for the value of the barn (building) and they ask as did Luikart, that the insurance company which issued to them the policy on the barn, be recognized as beneficiary of such part of the judgment which they might secure from the court, as will reimburse that insurance company for the loss which it has paid to them under the policy.

The two suits involving the same principal issue, that is, whether the fire had been caused by the fault of the defendant company, were tried together in the District Court, and by agreement of counsel, the same note of evidence was used in both cases.

The District Court rendered judgment in favor of Luikart for $4786.22 and the defendant appealed to the Supreme Court. In the case of the plaintiffs herein, the demand which was for $758.00 was rejected and they have appealed to this court. By consent of all parties, the record in this case was shelved, and no action was taken until lately or after the Supreme Court had finally decided the appeal of Luikart.

It seems that during the consolidated trial of the two cases in the District Court, it developed that the plaintiffs in this case were unable to show ownership of the barn, the value of which they were claiming from the railroad company. Luikart, as a witness, testified that he built the barn and when asked whether he had built it for the plaintiff, Dougherty, he said that he had built it for himself. He seemed to believe that as a matter of law, he would not have the right to remove it at the expiration of the lease. In this conclusion, he, of course, erred as to the law. He permitted, however, that the policy of insurance on the barn be taken out in the name of Dougherty, but he, Luikart, paid the premium on the policy. It is not disputed that Dougherty as landlord, had an insurable interest in the barn to secure his right of pledge for the rent of the place. There is no question that the barn was built by Luikart for his own use and that the plaintiff, Dougherty, had no title to it at the time it was destroyed by fire.

After the note of evidence had been closed, defendant filed the following motion:

"In this matter now comes defendant, the Yazoo and Mississippi Valley Railroad Company and moves your Honorable Court in view of the testimony developed herein since the trial of this case has begun, to dismiss the said suit as the said evidence shows that plaintiffs have no right to maintain this action for lack of ownership."

The trial judge in his judgment says:

"For reasons orally assigned, the Court sustains the exception of 'no cause of action' filed herein on the trial and referred to the merits * * * it is therefore ordered * * * that there be judgment against plaintiffs dismissing this suit at plaintiffs' costs."

Much of the apparent confusion that arose in the argument of the case, springs

from the fact that our learned brother in his judgment calls the motion filed by defendant, an exception of no cause of action.

The motion which is above fully transcribed, and which was filed by defendant after the evidence had all been taken down, is akin to such motion as is prevalent under common law practice, by which one of the parties in a jury trial, moves the Court to take the case from the jury and to direct a verdict where the evidence leaves no doubt as to the judgment which should be rendered. Such practice is foreign to our civil law system and the motion merely amounts to a request for immediate relief without further formality. It might with equal propriety be filed by either party after trial on the merits in every case submitted to a Court of justice. It is certainly not an exception of "no cause of action," a plea which under our practice, must be heard and considered on the face of the pleadings and not on the face of the evidence.

What the trial judge did actually do in this case, was to decide the case on its merits, and to reject plaintiffs' demand, because plaintiffs did not own the barn for the value of which they were suing defendant. The evidence clearly shows that the barn was built by Luikart, a lessee, for his own benefit, that it could not form part of the realty, the land which belonged to plaintiffs, and that it was just like any other movable placed by the lessee for his own use and enjoyment, on the land of his lessor. The evidence clearly shows that the barn at the time it was destroyed by fire, belonged to Luikart.

For these reasons, plaintiffs' demand is refused and rejected and the judgment appealed from is affirmed.

---

ON REHEARING

MOUTON, J. Luikart leased a farm from plaintiffs and during the term of the lease built a barn on the land. The barn was destroyed by fire caused by sparks emitted from a train of defendant company. The barn was insured with the Springfield Fire and Marine Insurance Company in the name of plaintiffs, Luikart's lessors. The barn belonged to Luikart who paid the premiums on the policy. Luikart, being under the mistaken idea that the barn was the property of his lessors, consented to the issuance of the policy in the name of the Estate of N. S. Dougherty. Plaintiffs, as lessors, had a lien on the barn but did not take the policy to safeguard their privilege, and did not pay the premium. Luikart was the assured.

The policy was for $600.00, which was adjusted with the insurance company for $568.00 by plaintiffs. Upon recovering that amount, plaintiffs as the agent of the Dougherty estate, by written contract, transferred all of the rights of the estate against defendant railroad company, and undertook to constitute the insurance company, their subrogee.

Plaintiffs claim $758.00, the alleged value of the barn, out of which it is asked that $568.50 be decreed to the insurance company, as subrogee.

Luikart testifies that when the insurance was collected it was turned over to plaintiffs for his rent. As hereinabove stated, the policy was for $600.00 and had been adjusted for $568.00 by plaintiffs. Plaintiffs were not owners of the barn, could not demand its value nor a claim therefor as Luikart had made no transfer of such a claim to plaintiffs.

Luikart says he turned the insurance over to plaintiffs which the evidence shows was for $600.00, and had been adjusted for $568.00. If plaintiffs have any rights, they must be limited to $568.00 demanded for the benefit of the subrogee. Luikart

was the owner of the barn and could not possibly have any lien or mortgage against it. The barn was destroyed by fire and went into smoke, leaving to Luikart a mere claim for its value. If he had had a lien against the property destroyed, upon receiving payment by way of rent from Dougherty, it could be contended that the insurance company would have been legally subrogated to the rights of Luikart. As he had a bare claim only, against defendant company, a conventional subrogation from Luikart to the insurance company would have been essential to constitute the latter, his subrogee. The record shows no such subrogation, and none to Dougherty, who, if any had been made in his favor, it might possibly be said he had conveyed his subrogated rights to the insurance company.

If plaintiffs had been the assured, and had paid the premium on the policy, there would be ground for contention that as they had a lien or lessor's privilege, the payment of the insurance money which they were permitted to retain for the rent, had effected a legal subrogation in favor of the company to the sum of $568.00, for which the policy had been adjusted. Such were, however, not the facts. Luikart, owned the barn, paid the premium, and was the assured. That he was the assured appears also from the fact that when the money was collected for the rent, he turned over to plaintiffs the insurance policy. If they had been the assured such "turning over" would have been entirely unnecessary.

As plaintiffs were not the assured they could not make the insurance company a subrogee. They had no authority whatsoever from Luikart to confer any such rights on the insurance company, which is neither a legal nor conventional subrogee. No being subrogated to Luikart, the assured,

the insurance company had no right to sue for itself, and consequently could not empower plaintiffs as their agent to institute this suit for the amount paid by it on the policy. This involves a question of the right to sue on the part of plaintiffs, and not one of capacity which would have required an exception in limine. The exception filed by defendant was timely and was properly maintained.

Our original decree is therefore reinstated, and the judgment below is affirmed.

LECHE, J. (concurring). The facts in this case were stated in the original opinion but it is not amiss to restate some of them, insofar as they have a pertinent bearing upon the issues involved. It is also proper that the pleadings be likewise adverted to for the same reason.

Plaintiffs in their petition, do not allege that they were the owners of the barn when it was destroyed by fire, but they do pray for judgment against the Y. & M. V. R. R. Co., for the full value of the barn, for themselves in part, and for the insurance company for the balance, as beneficiary and subrogee.

The only reasonable theory applicable to their petition, is that they sue as owners. That was the position which they assumed when the case was first argued before this Court, both in oral argument and in their brief. This Court held in its original opinion, that the barn was the property of Luikart and that it did not belong to plaintiffs. In their application for a rehearing, no complaint is made of the finding of this Court upon that point. In fact in their brief for a rehearing they frankly admit that they are mere nominal parties.

So that we have here a case where a suit is brought by plaintiffs in their own name and for their own benefit, in which they seek to recover the value of property which did not belong to them. They do not allege that they are agents of the owner, neither do they attempt to offer proof of agency. They now claim that they are suing for the benefit of the insurance company, that they are mere nominal parties and that the real party in interest is the insurance company. Then where do they derive the right to sue for the benefit of the insurance company? The insurance company is not a party to this suit, nor is there any allegation or proof in the record that the insurance company has authorized plaintiffs to institute this suit for its benefit. It is elementary that the capacity and interest of one who brings an action must be alleged, to enable him to recover. St. Patrick's Church vs. Ice Co., 44 La. Ann. 1021, 11 So. 682; C. P. Art. 15. No one, unless interested, may sue to champion the rights of others. Ingram vs. Heintz, 112 La. 497, 36 So. 507; West vs. Negrotto, 52 La. Ann. 391, 27 So. 75; Succession of Keppel, 113 La. 261, 36 So. 955; Barrow vs. Grant's Estate, 113 La. 297, 36 So. 970; Conery vs. His Creditors, 118 La. 168, 42 So. 760.

So that we have before us a suit in which the plaintiff has no interest directly or indirectly, and where he contends in argument that he is suing for the benefit of a third person, who is a stranger in the case, without any alleged or accredited authority, and this alone is enough to justify a judgment dismissing his demand.

It is suggested that want of capacity must be attacked by exception in limine. This undoubtedly would have been done if plaintiffs had sued in a representative capacity, but they sued as owners. It was only when the evidence showed that they were not owners, that their want of capacity became an issue in the case and it was then too late to except in limine to their want of capacity. There would have been no ground or reason to object to their right to sue for the benefit of the insurance company if they had been owners of the barn. Houton vs. N. O. & C. R. Light and Power Co. et al., 124 La. 562, 50 So. 544; Reisz vs. Kansas City Southern R. Co., 148 La. 929, 88 So. 120.

The Court in these cases and others, announces that an owner may sue a tortfeasor for his own damage, and that he may in the same suit, sue for the benefit of his insurer and subrogee in order to avoid a multiplicity of suits and in order to avoid splitting an indivisible cause of action. To decide otherwise in this case would be in direct conflict with these decisions.

I therefore concur in the decree.

———

ELLIOTT, J. Dissenting:

I have concluded that the judgment appealed from is erroneous to the extent of $568.50 and should be reversed, and judgment rendered to that extent in favor of the plaintiff. That the Springfield Fire & Marine Insurance Company should be decreed to be the beneficiary and subrogee of said judgment, as prayed for. That our former opinion as well as the one presently handed down, is erroneous.

The facts are stated in our original opinion and again in the opinion on rehearing.

The barn having been destroyed during the life of the lease, Luikart's right to it existed at that time under the law, Civil Code 2726. But Luikart did not look on the barn as insurable in his name, so he

obtained the insurance on it in the name of "Estate of N. S. Dougherty," owners of the plantation, but he paid the premiums. The policy states that the barn is situated on the premises of the assured, and there is nothing in it that indicates that the assured was not the owner.

The insurance company paid the loss to "Estate of N. S. Dougherty" and received from them an assignment of all their rights of action against the railroad company on account of the burning of the barn, subrogating the insurance company to their rights of every kind on that account.

The "Estate of N. S. Dougherty" alleges to the Court that the barn was worth $758.50 and claims the amount as due them, but that $565.50 of this amount is for the use and benefit of the Springfield Fire and Marine Insurance Company, subrogee to said amount. They pray for judgment in their favor for $758.00 but that the Springfield Fire and Marine Insurance Company be decreed to be the beneficiary and subrogee of the said judgment to the extent of $565.50.

The petitioner does not expressly allege ownership of the barn in the plaintiffs, but alleges ownership of the land and the burning of the barn situated thereon, which may be understood as meaning that the barn belonged to them as part of the plantation.

The Court holds that plaintiff was not the assured, and that not being subrogee to Luikart's rights, they have no right to sue for the benefit of the insurance company. This holding, I now think, fails to give full effect and meaning to the law, Civil Code, Art. 15, which provides:

"An action can only be brought by one having a real and actual interest which he pursues; but as soon as that interest arises he may bring his action."

I conclude after closer thought that to have "a real and actual interest," within the meaning of the law, does not require that the interest be proprietary or financial in the sense that nobody but the one who brings the suit can profit by the recovery."

In a suit on a note payable to bearer, the holder of it may sue and compel payment to himself, although he may not be the actual owner.

The right of action conferred by law on the father and mother of a minor by C. C. Art. 235, and whereby they are authorized to appear for their minor children in Court in every kind of civil action, is not based on the real and actual interest of the father and mother in the recovery or defense, but on that of the minor for whose benefit they appear in Court. So, where the suit is based on the obligation of the party who commits an injury to compel him to make good the wrong, it makes no difference to the wrongdoer under C. C. Art. 2315, if the injured party has been insured against the injurious act and has received payment from the insurer on that account. The party injured still has his action against wrongdoer and the wrongdoer is not concerned in the payment.

The case of U. S. vs. N. O. P. Railroad Company, 248 U. S. 507, 39 S. Ct. 175, 63 L. Ed. 388, deals with a patent fraudulently obtained. The Court, seeking to set aside the fraudulent act, not to benefit any particular person but to prevent the fraud, says p. 518 of 248 U. S. (39 S. Ct. 178):

"The rights of the United States to maintain the suits is questioned on the ground that the enforcement of the asserted trust is a matter in which the United States is without interest or concern. Were the premises tenable, the conclusion would follow as of course. But the premise is not tenable. A pecuniary interest in the

relief sought is not essential. It is enough if there be interest or concern arising out of an obligation to those for whose benefit the suits are brought."

In this case Luikart having by means of the policy taken out on the barn in the name of "Estate of N. S. Dougherty" received the proceeds of the barn, he cannot say that the assignment and subrogation which the assured made in favor of the insurance company did not vest in the insurance company all his rights of action against the railroad on account of the burning of the barn.

To my mind, it does not follow, because of plaintiffs' allegation to the Court, that the railroad company is indebted to them for the value of the barn but that the suit is to the extent stated for the use and benefit of an insurance company, prays for judgment for its value and further that the judgment up to an amount stated be decreed as against the pleader for the use and benefit of the insurance company, together with proof on the trial that Luikart was the actual owner of the barn at the time it was burned, that the railroad company is thereby released from its obligation to make good to the plaintiffs the loss occasioned by its fault.

The suit does not alter the defense. Payment of the judgment will discharge the railroad company on account of the barn.

Defendant's answer indicates that in answering, it did not depend on a defense of that kind. The claim of the plaintiff for the use and benefit of the insurance company, is advanced in Article XII of their petition. In its answer to this averment defendant says: "That as to paragraph 12, it neither admits nor denies, having no information as to them," which is tantamount to saying that it is not concerned with plaintiff's averment in Article XII.

The former latent, and as to the defendant, unknown rights of Luikart in the barn, and the fact that plaintiffs allege what they propose to do with the sum recovered and pray that the right of such beneficiary be recognized as against themselves, does not concern the defendant. The plaintiffs, occupying through the act of Luikart, the position of assured and owner of the barn as regards the insurer, entitles them to take the same position toward the railroad company with reference to recovering on account of its loss caused by the railroad company's fault.

The situation is such, that plaintiffs may, in my opinion, be recognized as having the requisite interest under the law, Code of Practice, Art. 15, to maintain this action. The case, as I see it, is governed by Hanton vs. N. O. & C. R. Light Co., 124 La. 562, 50 So. 544; and Reisz vs. Kansas City Southern R. R. Co., 148 La. 929, 88 So. 120, cited in plaintiffs' brief. In the present case as in the case last cited the question of the right to sue was not raised in limine litis, and the Supreme Court acting on it took occasion to say: "The practice of suing by one party for the use and benefit of another, has been recognized by this Court in a number of cases," citing authorities.

For these reasons I respectfully dissent.