OPELOUSAS–ST. LANDRY SECURITIES CO., Inc., v. CAUSEY.*

No. 1912.

Court of Appeal of Louisiana.
First Circuit.

Dec. 19, 1938.

*Rehearing granted Feb. 15, 1939.

and refused to surrender possession thereof to plaintiff. The allegation was also made that the defendant had threatened to remove the said dwelling house and appurtenances from said land, and a restraining order and rule for a preliminary injunction were asked for and granted restraining and enjoining the defendant from removing said buildings from the land pending the suit.

After filing some exceptions not necessary to mention here, the defendant, Causey, answered said petitory action denying that the plaintiff company owned the dwelling house and appurtenances occupied by him, and also denied that plaintiff owned the land on which the said house was located. The defendant set up ownership in himself to the dwelling house and appurtenances, and claimed the lawful possession of the land on which said buildings were situated. After making certain alternative pleas, not necessary to detail here, the defendant alleged as other alternative defenses that said dwelling and appurtenances were constructed during the period from December, 1927 through July, 1929, by his aunt, Miss Ella M. Walden, who died in 1932, leaving a brother, Andrew J. Walden, as her sole heir, and that defendant and his family were occupying said dwelling house and appurtenances with said Andrew J. Walden when he died in November, 1933, leaving a will in which said dwelling and appurtenances were donated and bequeathed to defendant; that the plaintiff having elected to keep the said dwelling and appurtenances, is due defendant the cost of material and workmanship used in constructing same, which aggregated $400.15, and defendant made an alternative prayer in case it was shown that plaintiff owned the land on which said dwelling and appurtenances were located, that he have judgment against plaintiff for the above amount, and that he be permitted to retain possession of the premises until said amount was paid.

After the filing of the answer and before any further proceedings were had in the case, the dwelling and appurtenances, together with the contents were destroyed by fire in March, 1937. In September of that year, defendant filed a supplemental answer in which he charged plaintiff and one Rayford with entering into a conspiracy to divest and deprive him of possession of the dwelling

Dubuisson & Dubuisson, of Opelousas, for appellant.

O. E. Guillory, of Ville Platte, for appellee.

OTT, Judge.

This suit began as a petitory action in September, 1935, in which the plaintiff company sought to be recognized as the owner and entitled to the possession of a small frame dwelling house with out-houses, fencing and appurtenances, located in the northwest quarter of Section 40, Township 2 South of Range 1 East in Evangeline Parish, it being alleged that the said land and house thereon were owned by the plaintiff company, but that the defendant, Causey, was in possession of the dwelling house and appurtenances

and outhouses which were in controversy in said suit, the basis of the conspiracy consisting in an agreement by plaintiff to sell to said Rayford eight acres of land on which said dwelling and appurtenances were situated, and in giving said Rayford permission to take possession and erect or move buildings on said eight acres; that plaintiff and said Rayford, acting in concert, and in order to illegally deprive defendant of his possession of said improvements, and in pursuance of said conspiracy, said Rayford did, in October, 1935, invade the premises occupied by defendant, and tore down defendant's yard and moved a frame building close to defendant's dwelling and also moved into defendant's premises near his dwelling a Fairbanks-Morse· engine and grist mill, thereby creating a fire hazard to defendant's wooden buildings; that as a result of said conspiracy and the moving of said buildings and machinery on the premises near defendant's property, his dwelling with most of its contents and the outhouses were destroyed by fire, without any fault or negligence on his part, said fire having originated from the buildings of said Rayford placed on the premises as aforesaid. The defendant itemized his damage caused by the fire in the sum of $549.02, and he asks for judgment in that amount in reconvention against plaintiff.

The plaintiff filed a motion to strike out this reconventional demand on the ground that it showed no cause of action against the plaintiff. This motion was overruled. When the case came on for trial the defendant in the main suit (who will hereafter be called the reconvenor) objected to any and all evidence offered by plaintiff to prove its ownership of the land and dwelling house in the petitory action as the dwelling and appurtenances had been destroyed by fire, and consequently their ownership had become a moot question for the reason that the relief sought by the plaintiff in its petitory action could not be granted. The evidence was admitted subject to the objection.

Counsel for plaintiff also objected to the evidence offered by reconvenor to prove his reconventional demand on the ground that there was no allegation in the demand showing negligence or fault on the part of plaintiff in causing the fire that destroyed the dwelling and contents, and for the further reason that the reconventional demand did not set forth a cause of action. The evidence was admitted, and after a trial, judgment was rendered in favor of reconvenor and against plaintiff for the amount claimed. Plaintiff has appealed.

As the object of the petitory action—the ownership and possession of the dwelling house and appurtenances—could not be obtained after the dwelling and improvements were destroyed, a judgment for plaintiff in accordance with its prayer would have been a vain and useless thing. We therefore agree with reconvenor and the trial court that, insofar as the petitory action was concerned, the question presented in that action became moot after the destruction of the property which was the subject of that action.

However, insofar as the question presented by the claim of reconvenor for damages for the loss of the dwelling and its contents is concerned, the ownership of the dwelling and appurtenances becomes of prime importance. Obviously, reconvenor could not recover for the loss and destruction of the dwelling and other improvements on the land unless he was the owner of them. His entire claim is based on the loss of property which he claims to have owned, and it is clear that one of his first requirements is to prove that he owned it. Dougherty et al. v. Yazoo & Miss. Valley R. Company, 9 La.App. 295, 119 So. 543.

As proof of his ownership of the dwelling and outhouse, reconvenor offered the record and judgment in the succession proceedings of Andrew J. Walden from which it appears that the deceased bequeathed to reconvenor all of his property which, according to the inventory and judgment, consisted of a wooden frame building, being the last home of the deceased, together with some household goods, kitchen utensils and two cows.

Reconvenor testified that he first occupied said dwelling house in June, 1932. The house was built for his aunt, Miss Ella Walden, and his uncle, Andrew J. Walden, in 1927 and 1929. Nowhere does reconvenor prove, or attempt to prove, the manner in which his uncle, Andrew J. Walden, from whom he claims, acquired the ownership of the building and improvements, nor under what conditions and circumstances these improvements

were placed on the lands of another, if such was the case.

■ If reconvenor can prove that he and those through whom he claims were the owners of these improvements placed on lands now owned by plaintiff, if plaintiff does own the lands, and that the buildings were destroyed through the fault of plaintiff, reconvenor would then be in position to hold plaintiff responsible for the value of these improvements under the provisions of Articles 508, 2315 and 2324 of the Civil Code. By its petition and position in the petitory action, plaintiff can be said to have elected to keep these improvements, and if the reconvenor can prove that they belong to him and were kept by plaintiff, or destroyed by its fault, he is entitled to recover their value. Kibbe v. Campbell, 34 La.Ann. 1163.

The motion filed by plaintiff to strike out the reconventional demand presents another serious question in the case. For the purpose of considering this motion and the issues as they are now presented, the case is practically the same as though reconvenor were the plaintiff in a separate and independent action seeking to recover of the Opelousas-St. Landry Securities Company, Inc., the value of improvement placed on its land by reconvenor or his ancestors' in right. Obviously, in such a case as plaintiff, reconvenor would be required to prove his ownership of the improvements as well as their cost, and would also be required to prove that the Securities Company had elected to keep these improvements, which they have done in this case by setting up a claim of ownership to them.

Reconvenor seems to base his right to recover from the plaintiff for the value of the property destroyed by fire on the theory that plaintiff trespassed on his premises and disturbed his possession. But if plaintiff owns the eight acres of land which it contracted to sell Rayford and authorized him to take possession of, such action would not constitute a trespass, unless reconvenor was actually disturbed in his possession of the improvements which he claimed to possess as owner. While he claims that Rayford, with the permission and under the authority of plaintiff, broke down his· fence and moved buildings, an engine and grist mill on the property, there is no proof that this interfered with his use of the house and improvements which he claimed and occupied.

■ Reconvenor's right to recover for the loss sustained by him on account of the fire must depend on his allegations and proof that plaintiff, as a co-tortfeasor with Rayford, was responsible for the increased fire hazard to his property arising from the fact that frame buildings, machinery and other fire hazards were placed in close proximity to his property, coupled with the fact that the acts of Rayford and plaintiff were the cause of the fire. In view of the fact that reconvenor was prevented from removing the improvements from the land by an injunction issued at the instance of plaintiff, and in view of the fact that Rayford moved these increased fire hazards onto the premises in close proximity to reconvenor's property with the permission and at the instigation of plaintiff, we believe plaintiff would be responsible with Rayford as joint tortfeasors for damage to plaintiff caused from such acts of Rayford combined with any negligence or wrongful conduct on his part in causing the start of the fire.

■ As the fire is shown to have originated in a garage and another frame building placed by Rayford near the dwelling occupied by reconvenor, and as reconvenor was prevented by an injunction from moving his buildings away from this fire hazard, and as the cause of the fire was more within the knowledge of Rayford than of reconvenor, we think the rule of res ipsa loquitur applies, and that reconvenor was relieved from alleging and proving particular acts of negligence on the part of Rayford as plaintiff's co-tortfeasor in causing the fire. Under the circumstances as they existed, we think the allegation and proof of the origin of the fire in these adjacent buildings placed there by Rayford with the permission and under the instigation of plaintiff are sufficient to make out a prima facie case for reconvenor as to the cause of the loss, and shift to the plaintiff the burden of showing that the fire was not caused through any fault or negligence of Rayford. Dotson v. Louisiana Central Lumber Company, 144 La. 78, 80 So. 205; Jones v. Shell Petroleum Corporation et al., 185 La. 1067, 171 So. 447.

Under the circumstances, we think the ends of justice will be served best by remanding the case to permit the introduction of further evidence on the question of ownership of the dwelling and appurtenances for the loss of which reconvenor is claiming damages, and for the further pur-

pose of permitting evidence to show how and from what cause the fire originated, and in accordance with the views herein expressed. Code of Practice, Art. 906.

For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby annulled, avoided and set aside, and it is now ordered that the case be remanded for the introduction of further evidence on the matters and things set forth herein, and in accordance with the views herein expressed; cost to await the judgment in the lower court.