## OPELOUSAS–ST. LANDRY SECURITIES CO., Inc., v. CAUSEY.

### No. 1976.

Court of Appeal of Louisiana. First Circuit.

May 4, 1939.

Writ of Error Denied June 26, 1939.

For former opinion, see 185 So. 89.

Dubuisson & Dubuisson, of Opelousas, for appellant.

O. E. Guillory, of Ville Platte, for appellee.

LE BLANC, Judge.

Both the appellant and the appellee in this case filed applications for re-hearing. We purposely granted a re-hearing to each so that we could reconsider the case on all issues that were presented. We have done so and now remain convinced that our former judgment which reversed, annulled and set aside the judgment appealed from was correct but have concluded that we were in error in remanding the case to the district court in order to permit the introduction of further evidence on the question of the ownership of the dwelling and appurtenances for the loss of which the defendant, reconvenor, is claiming damages, and for the further purpose of permitting testimony to be offered to show how and from what cause the fire which destroyed the same, originated.

The pleadings and all issues connected with the suit were fully stated in our former opinion and it is unnecessary for us to state them in any further detail. See 185 So. 89. Appellee, reconvenor below, has filed an exception in this court which is styled "an exception founded on law" but which in reality is an exception to the jurisdiction of this court based on the ground that appellant's title to the land upon which the dwelling and improvements destroyed by fire .were situated is not at issue because the same was not passed upon by the judgment appealed from. In the alternative it is urged that should this court conclude that the ownership of the land remained at issue, that the case should

be remanded to the district court for a new trial on that issue. We are of the opinion however, that the action having originated as a petitory suit in which the plaintiff alleged its ownership of the land and the improvements thereon and sought to be recognized as the owner of the dwelling and its appurtenances, which it could only do by virtue of its ownership of the land, all of which was denied by the defendant in his answer, and moreover in view of the alternative demands made by the defendant in his first and second supplemental petitions, the title to and ownership of the land is so closely connected and involved with the remaining issue that is presented in the case, that it is necessarily an issue therein, and whether passed on by the judgment of the lower court or not, is subject to review by this court on appeal, as the appeal was not limited to any particular issue that was presented.

■ Inasmuch as the plaintiff was permitted to make proof of·its title to the land, even though it was over the objection of the defendant, and inasmuch also as it was admitted, after plaintiff was permitted to make such proof, that the dwelling house and appurtenances were situated on the land involved in the petitory action of the plaintiff, the question as to whether or not such proof was sufficient, is a matter which addresses itself to the merits of the case, and if found to be sufficient it will be unnecessary to remand the case as suggested in the exception filed by the appellee. For these reasons it is therefore ordered that the exception be overruled.

■ As appears from the original opinion herein handed down, after the plaintiff had filed its petitory action in the petition presented by it to the court, and defendant had met the issue by denying plaintiff's title and ownership and by claiming that the dwelling house and appurtenances on the land were constructed prior to plaintiff's acquisition of the land and that the title to the land did not include the improvements, the dwelling house and appurtenances were destroyed by fire. Thereafter the defendant came into court by way of supplemental petition and, assuming the position of a plaintiff in reconvention, set out a conspiracy between the plaintiff and a man named Rayford under which it is claimed, plaintiff gave Rayford permission by letter to take possession of the tract of land by moving certain buildings of his own thereon, among them a grist mill, which he did move on the property thereby creating a potential fire hazard, and that on the night of March 24, 1937, his dwelling was destroyed by fire which originated from the buildings Rayford was moving on the property. He claimed in addition that he lost all of the contents of his dwelling and appurtenances. As shown in the original opinion handed down by this Court, he sued for what he alleged were the damages he sustained, the same amounting to $549.02, and accordingly prayed for judgment against the plaintiff on the ground that it is solidarily liable under the conspiracy set out by him in his reconventional demand.

When the plaintiff sought to introduce evidence to prove its case, defendant through his counsel objected to the introduction of any testimony on the ground that the dwelling house and appurtenances, the things in controversy on the main demand, having been destroyed by fire, the question presented on that demand had become moot and it was irrelevant to the issue presented in the reconventional demand. The court overruled the objection and then by a stipulation entered into between counsel, it was agreed that the buildings involved were to be considered by the court as being situated on the tract of land claimed by the plaintiff. Plaintiff then introduced its title as set out in its petition and the defendant was then permitted to introduce evidence on his reconventional demand.

In deciding the case the district judge refused to pass on the claim of ownership on the plaintiff's demand on the ground that the question therein involved had become moot and the only matter with which the court was then concerned was the defendant's reconventional demand. The district judge then held that the defendant, plaintiff in reconvention, had proven his claim of a conspiracy and that the burden was on the plaintiff to show how the fire had originated under the rule of res ipsa loquitur and as plaintiff had not made a satisfactory explanation, it was liable as a co-conspirator in damages to the full extent of the demand in reconvention.

We agree with counsel for the defendant, plaintiff in reconvention, that if the issues had remained as they were on the original pleadings before the last supplemental answer and reconventional demand

had been filed, the ownership of the house might well have become a moot question, as up to then that was the only question involved under the pleadings. Manifestly however as the issue was one of ownership vel non of the house up to that time, we can not understand on what ground the defendant can sue for damages for its destruction until the question of ownership has been determined. Even now, the defendant does not claim damages by virtue of his ownership of the dwelling, the whole pretense of his claim being based on the fact that he was in possession, which possession is admitted, and that his demand now partakes of the nature of one for damages as for trespass. We fail to see how a claim for damages for trespass can be involved in the case when, according to the letter under which he claims the conspiracy between plaintiff and Rayford arose, Rayford was given permission only to move certain buildings on that part of the property which plaintiff had sold to him under an agreement in advance of his taking title thereto. Under the evidence adduced by the plaintiff showing its title to the property, and under the agreement found in the note of evidence that for the purpose of considering the location on which the house claimed by the defendant was situated, that it was in Section 40, which is the land involved in the plaintiff's petitory action, we think that it can well be said that the plaintiff owned that land and had a right to sell any part of it it chose and to give its vendee a right to move thereon. Against whom therefore, was any trespass as alleged, committed? Rayford's action in carrying out the permission which had been granted to him by his vendor does not strike us as having caused any interference to the defendant in the exercise of his claim of possession of the dwelling house in which he was living. It can hardly be said that the placing of a building on a property by the one who has an agreement to purchase the same, with the permission of the owner, next to another building on the same property, constitutes a trespass.

Reduced to its ultimate consideration, the defendant's claim in reconvention can be said to be none other than one sounding in damages for the alleged destruction of certain property he claims to be the owner of. To sustain his claim it was necessary, as was stated in the original opinion herein handed down, for him to have alleged and to have shown that he was the owner of the property which he claims. This in our opinion he has failed to do. He endeavors to support his pretense that he was the owner, in possession of the dwelling house and its appurtenances, by virtue of a last will and testament of one Andrew J. Waldon who died in November, 1933. The deeds under which plaintiff acquired the property were recorded prior to that time however. At the time of its acquisition, the building and improvements were on the property and even though they were not specifically described in the sale to the plaintiff, it is elementary, in the absence of any other showing on the conveyance records, that they were included in and passed with the title to the property itself.

It is our firm conviction after having reconsidered the case that the defendant has failed to support his reconventional demand and that the plaintiff is entitled to a judgment dismissing the same.

For the reasons stated it is now ordered that our former judgment and decree herein, insofar as it annulled, avoided and set aside the judgment appealed from be and the same is hereby reinstated and made final, and insofar as it remanded the case to the district court for the purpose of introducing further evidence on the question of the ownership of the dwelling house and appurtenances involved in the reconvenor's claim for damages and also for the purpose of showing how the fire by which these buildings were destroyed originated, the same is hereby set aside, and it is now ordered, adjudged and decreed that the demands of the defendant, plaintiff in reconvention, be and they are hereby rejected at his costs.